# The Toledo, Peoria & Warsaw Railway Co.

*v.*

# Henry Pindar *et al.*

|       |       |
|-------|-------|
| 53    | 447   |
| 143   | 259   |
| 53    | 447   |
| 169   | 142   |
| 53    | 447   |
| 175   | 260   |
| 53    | 447   |
| 2r2   | 5140  |

1. Negligence in railroads—*escape of fire from locomotives.*  Railroad companies are required to provide and keep constantly in use, and in proper repair, the most approved machinery to prevent the escape of fire from their engines, to the injury of property along their lines.  If, notwithstanding the use of such machinery, sparks escape and fire is thereby communicated to buildings, a company will not be deemed guilty of negligence unless the damage results from the neglect of some other duty.

2. But even with the use of the best appliances to prevent the escape of fire, if, through the overloading of the engine, the escape of fire and sparks is produced to a dangerous extent, the company will be deemed guilty of gross negligence.

3. Same—*duty of property owners.*   But where fire is communicated to a building through the negligence of a railroad company, the owner can not recover for the loss of such portion of the property as he could, easily and without danger, have saved from destruction.

4. In this case it was claimed there was a large sum of money burned in a house to which fire had been communicated by the alleged negligence of

a railroad company. The money could have been secured with but slight effort, and without danger to the owner: *Held*, the company were not liable for the loss of the money, by reason of the neglect of the owner to take it out of the burning building.

5.  SAME—*whether the injury is too remote.*   In an action against a railroad company to recover for the destruction of a building by fire, communicated by the alleged negligence of the company, it appeared that by the escape of sparks from a passing engine, a building belonging to the company was set on fire and destroyed, and while burning, by means of a high wind, fire was blown across the street and there communicated to the house of the plaintiff. Upon the question whether the injury complained of was not too remote to entitle the plaintiff to recover, it was *held*, to be a question of fact for the jury, under the instructions of the court, and as the case had to go before another jury upon another point, the court declined to express any opinion upon the evidence in that regard.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action brought by Henry Pindar and Robert Pindar, against the Toledo, Peoria & Warsaw Railway Company, to recover for the loss of a store house and its contents, by fire, communicated from a burning building owned by the company, from which the fire was blown across the street to plaintiff's store. The company's building was set on fire by means of sparks which escaped from a passing engine of the defendants. The plaintiffs recovered and the company appealed.

Messrs. INGERSOLL & McCUNE, for the appellants, among other questions presented, insisted the injury was too remote to entitle the plaintiffs below to recover, citing *Pennsylvania Railroad Co.* v. *Kerr*, May term, 1870, Sup. Court Penn. and *Ryan* v. *The New York Central Railroad Co.* 35 N. Y. (8 Tiffany,) 210.

Mr. J. W. STRAIGHT, with whom were Mr. M. W. PACKARD and Mr. L. WELDON, for the appellees, upon the same question, cited Sedgwick on Meas. of Damages, 56, 65, 77, 85, 86, 123 ; 2 Greenlf. Ev. 256 ; 3 Pars. on Con. 179, 180, note v.

223, note d;  8 Pick. 356 ; *Dickinson* v. *Boyle,* 17 Pick. 78 ; *Barnum* v. *Vandusen,* 16 Conn. 200 ; *Prusk* v. *Hartford & N. H. R. R. Co.* 2 Allen, 332 ; *Powell* v. *Salisbury,* 2 Y. & Jer. 391 ; *Fletcher* v. *Ryland,* Law Rep. 1 Exch. 265 ; 12 Jur. N. S. 503 ; S. C. 11 ib. 714, cited in 1 Redfield on Railways, 457 ; *Scott* v. *Shepherd,* 2 W. Black. 892 ; *King* v. *Higgins,* 2 Ld. Raym. 1574 ; *Parkhurst* v. *Foster,* ib. 480 ; *Roswell* v. *Prior,* 12 Mod. 639 ; *Harmon* v. *Toledo, Wabash & Western Railway Co.* 47 Ill. 298 ;  *Bass* v. *Chicago, Burlington & Quincy R. R. Co.* 28 Ill. 9 ; *McClellan* v. *Illinois Cent. R. R. Co.* 42 Ill. 355.

Mr. Justice Walker delivered the opinion of the Court:

It appears from the record in this case, that about the first day of October, 1867, a train on appellants' road, in charge of the employees of the company, passed through the town of Fairbury.   It appears that fire was communicated in several places in the village, which was extinguished without producing any serious injury.   But the " Dresser Warehouse," a building erected by the company, also took fire and was consumed. There being a high wind at the time, fire was blown across the street and communicated to the store of appellees, consuming the same, together with some $3600 or $3700 in treasury and bank notes, and a large amount of goods, as appellees contend. This suit was brought to recover for the loss, and on the trial below the jury found a verdict in favor of appellees for the sum of $14,000, upon which, after overruling a motion for a new trial, the court rendered a judgment, to reverse which this appeal is prosecuted.

It is insisted that there was carelessness on the part of the employees of the road, from which the injury resulted ; that had due care been observed the accident would not have occurred, and the injury would have been avoided.   It is also claimed that the engine threw an unusual quantity of sparks and fire, and owing to the dry weather and the highly combustible condition of the buildings near the road, the company are

29—53RD ILL.

chargeable with gross negligence in failing to provide against the danger of communicating fire along the line of their road.

These bodies should be held to the exercise of due diligence in operating their machinery. They should be required to provide and keep constantly in use, and in proper repair, the most approved machinery to prevent fire from spreading from their engines to the farms and buildings along the line of their roads; and if an overload of their engines would, with the best appliances in use, in generating steam, produce the escape of sparks and fire to a dangerous extent, then such conduct would be gross negligence. But if the company have provided, and have attached and in proper condition the best appliances, and have only the proper amount of weight of train attached, then the company have not, in making up their train, or in attaching an engine thus equipped, been guilty of negligence, and unless wanting in some other requirement, they should not be held guilty of such negligence as requires them to respond in damages. Whether in this case there was such negligence, was a question for the determination of the jury from all of the evidence on the trial. It was for them to say whether the fire was communicated from the engine, and if so, whether the company had observed the proper precautions for its prevention, or were guilty of negligence; and whether they have found correctly we do not propose to inquire, as the judgment of the court below must be reversed on another ground, leaving the question of negligence and responsibility of the company under the evidence to another jury, unbiased by any views we may entertain on that question.

It appears from the testimony of one of appellees and their witnesses, that the money was in the till of the store, and in a bureau drawer in the upper story of the house, and it appears there was nothing to prevent Henry Pindar, or his sister, Miss Pindar, from saving it. There were two pairs of stairs leading from the store to the room in which the bureau containing the money was situated, and there was no obstruction preventing access to it. Appellee, Henry Pindar, testifies that there was

nothing to prevent his saving the money had he thought of it; that failing to do so, was all that prevented his saving it. Miss Pindar testifies that she thought of it, but in the confusion forgot it, and that she could have saved it had she not forgotten it.

Even if appellants were guilty of negligence, appellees were bound to use reasonable efforts to preserve their property. When the fire escaped they had no right to fold their hands and permit their property to be consumed without effort for its preservation, and then claim the right to recover the loss from the company. It is incomprehensible to us, that where it was so accessible and easily secured, no effort was made to remove the money. Unless he was careless or even reckless, we suppose his first thought would have been of the money. Unless indifferent of his loss, we do not comprehend why appellee should have thought of the horses, of comparatively small value, and not of so large a sum of money. Such a course of action would seem to imply a high degree of indifference to his interest, or strong feelings of humanity; but if the latter, we are not prepared to say that appellants should be prejudiced thereby.

There was nothing to prevent the preservation of the money, and failing to do so, appellees must sustain the loss. Had it required effort of an unusual or dangerous character, the case would have been different. But we fail to see that there was danger, and but slight effort was required to obtain it, and thus prevent its destruction. In this respect the evidence fails to sustain the verdict, and the judgment must be reversed.

After the case was submitted on briefs and arguments, appellants have filed a further brief, in which they raise the question whether the facts do not show that the injury was too remote to authorize a recovery. This question seems now to be raised for the first time in the case. It is a question of fact for the jury, to be found under the instruction of the court, and as

they have not passed upon it, and as the case will be submitted to another jury when the facts proven, for aught we know, may be different, we deem it improper to discuss the evidence on the question, but leave the parties to contest it before another jury, who have the right to pass upon it unprejudiced by any views we may entertain of the evidence.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*