The Toledo, Wabash and Western Railway Co.

*v.*

Adam Corn *et al.*

1. PLEADING—*what averments in a declaration are sufficient in a suit against a railroad for permitting fire to escape.* An averment in a declaration that it was the duty of the defendant to keep its right of way free from dry grass and weeds, and to so construct and operate its locomotives as to prevent the escape of fire to the adjoining property, by being communicated from its locomotives to such dry grass and weeds, is substantially an averment that it was the duty of the company to provide its locomotives with the best appliances to prevent the escape of fire, and to so use them that it would not be liable to escape; and the performance

of this duty is sufficiently negatived by an averment that the engine was so negligently used that fire did, by reason of such negligence, escape and produce the injury complained of.

2. RAILROADS—*only required to use the most approved machinery.* The law does not require a railroad company to provide and use the best known appliances that mechanical skill and ingenuity have been able to devise and construct to prevent the escape of sparks from its locomotives, without reference to whether the company could, by any degree of effort, know of such inventions or not, or whether they have been tested and proved to be the best.

3. A railroad company is not bound to purchase the patent for every invention claimed to be an improvement on such machinery, and test it; but when such an invention has been tested and approved as better than that it is using, it is required to adopt and use the better machinery. In this, as in the discharge of their other duties, railroad companies can only be required to employ due diligence to provide themselves with the best, but can not be held to unreasonable and ruinous efforts to prevent injury.

4. INSTRUCTIONS—*when erroneous, always ground for reversal in doubtful cases.* Where it is manifest, from the evidence, that justice has been done, and that any other finding would not be permitted to stand, a faulty instruction should be disregarded, but where it is not manifest that the verdict is right, and it can be seen that the faulty instruction may have contributed to the result, it is proper that another jury should pass upon the evidence, under proper instructions.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. NELSON & ROBY, for the appellant.

Messrs. CREA & EWING, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is objected that the third of appellees' instructions is not warranted by the averments in the declaration; that it contains no averment that it was the duty of the company to provide its engines with the best and most approved appliances to prevent the escape of fire, and that its escape was owing to a want of such apparatus. It is averred that it was the duty of the company to keep its right of way free from

dry grass and weeds, and to so construct and operate its loco-
motives as to prevent the escape of fire to the adjoining prop-
erty, by being communicated from its locomotives to such
dry grass and weeds on its right of way; but the company,
not regarding its duty, did omit to do its duty in that behalf,
and negligently permitted dry grass, weeds, etc., to accumu-
late on its right of way, and so negligently conducted and
operated a certain locomotive engine that fire escaped there-
from, through its negligence; that fire fell into the dry grass,
weeds, etc., in the right of way, and spread and communi-
cated to the property of appellees, whereby it became and
was destroyed.

Whilst this declaration is not as skillfully drawn as to
render it entirely formal and accurate, according to the strict
rules of pleading, still we regard it as making, in substance,
the averment that it was the duty of the company to provide
its locomotives with the best appliances to prevent the escape
of fire, and to so use them as that it would not be liable to
escape, and that the duty was negatived by the averment that
the engine was so negligently used, on this occasion, that fire
did, by reason of such negligence, escape and produce the
injury; and appellant seems to have so understood the aver-
ment, as it introduced evidence to prove that such appliances
were used; that they were in good repair, and skillfully and
prudently used.    We are, therefore, of opinion that it would
not have been error for the court to have given proper
instructions on that question.

But an examination of the instruction shows that it does
not state the law correctly.   It informs the jury that it is the
duty of appellant to use the best known appliances that
mechanical skill and ingenuity have been able to devise and
construct to prevent the escape of sparks from its locomotive
engines, and that, if they believe that the use of such appli-
ances, in proper repair, would have prevented the escape of
fire, then they should find for appellees.   This instruction is
too broad, as it requires appellant, at all events, to use the

best known appliances that mechanical skill and ingenuity have been able to invent, and this, too, whether it could, by any degree of effort, know of such inventions or not, or whether they had been tested and proved to be the best.    In the case of *Bass* v. *Chicago, Burlington and Quincy Railroad*, 28 Ill. 9, it was said : " Negligence ought to be implied from the escape of fire, and the onus should be upon the company against which an action is brought for such negligence, to show that all of the most approved mechanical contrivances were used to prevent its escape." And in the case of *The Toledo, Peoria and Warsaw Railroad* v. *Pindar*, 53 Ill. 447, it was said that such companies should be required to provide, and to keep constantly in use and in proper repair, the most approved machinery to prevent fire from spreading from their engines to the farms and buildings along the line of their roads.    This is as far as this court has gone in stating the rule, and we regard it as being as rigid as the proper use of such bodies can conform to without being subjected to great loss and wrong.

The rule announced in these cases only requires the use of the most approved machinery, but not the best known that mechanical skill and ingenuity can devise and construct, whether approved or even unknown to appellants, or perhaps beyond their means of being known by the use of all reasonable efforts.    To be approved, such appliances must not only be constructed, but so far used as to be approved over others, before a company can be required to adopt them. The company is not bound to purchase the patent for every invention claimed to be an improvement on such machinery, and test it, but it must, when such an invention has been tested, and has been approved as better than those it is using, be required to adopt and use the better machinery.    In this, as in the discharge of its other duties, it can only be required to employ due diligence to provide itself with the best, but can not be held to unreasonable and ruinous efforts to prevent injury.

Inasmuch as the evidence was conflicting as to where the fire started, we think the jury should have been correctly instructed.  Had the evidence been so clear as to show that the verdict was right, and that no other could have been found without being set aside, then we should not hesitate to affirm the judgment.  We never affirm against erroneous instructions, unless we can see that the result could not, or clearly should not, be varied with correct instructions.

Where it is so manifest, from the evidence, that justice has been done, that any other finding would not be permitted to stand, then faulty instructions should be disregarded, as we can see they did not contribute improperly to the rendition of the verdict; but where it is not manifest that the verdict is right, and we can see that faulty instructions may have contributed to the result, in such cases it is proper that another jury should pass upon the evidence, under proper instructions.

The questions as to whether appellant negligently permitted the fire to escape, by failing to keep its right of way properly freed from dry grass and weeds, and whether it was employing the proper machinery in the "smoke-stack" of its engine, were questions for the jury, and, inasmuch as the case will have to be submitted to another jury, we refrain from commenting on the weight of the evidence.

But, for the error in giving the third of appellees' instructions, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*