The Baltimore and Ohio Southwestern Railway Co.

*v.*

David Tripp.

*Opinion filed October 24, 1898.*

1. CONSTITUTIONAL LAW—*act relating to fires by locomotives is constitutional.* The act relating to fires caused by locomotives, (Rev. Stat. 1874, p. 814,) making the fact of the communication of such fire full *prima facie* evidence to charge the railroad company with negligence, is not unconstitutional, as singling out railroad companies and unreasonably applying to them a harsher rule of evidence than is applicable where fires are caused by other agencies.

2. PLEADING—*what is a sufficient allegation of defendant's duty as to running its locomotives.* A declaration against a railroad company to recover damages for fire caused by a locomotive, which alleges that it was defendant's duty "to so operate its road and its locomotive engines thereon that fire should not escape and be communicated therefrom," sufficiently charges the defendant's duty.

3. TRIAL—*when proper to overrule motion to direct verdict for defendant.* A motion to direct a verdict for the defendant, in an action against a railroad company for damages caused by fire from a locomotive, is properly overruled where there is evidence sustaining the charge of the declaration, as it is for the jury to say whether defendant has overcome the presumption of negligence.

4. EVIDENCE—*admissibility of evidence that same engine had emitted sparks at other times.* In an action for damages for fire caused by an identified locomotive, evidence that the same engine, less than ten days after the fire in question, was seen going up the same grade near the location of the fire "throwing cinders from its smokestack," is admissible, but the defendant has the right to disprove that fact or show that the engine had since gotten out of repair.

5. APPEALS AND ERRORS—*whether fire was communicated as charged is for the jury.* Whether the fire in question was communicated from the defendant's engine, and if so, whether the defendant had taken proper precautions to prevent the escape of fire or had been negligent, are questions which the Supreme Court cannot review.

Appeal from the Circuit Court of Sangamon county; the Hon. O. P. Thompson, Judge, presiding.

Robert E. Hamill, and Palmer, Shutt, Hamill & Lester, for appellant:

Evidence of subsequent fires is not admissible in the absence of proof that the engine was in the same condition, unless the possibility of communicating sparks from a locomotive is disputed by the defendant, in which case such evidence is admissible solely for the purpose of proof of such possibility. *Smith* v. *Railroad Co.* 10 R.I. 226.

When the presumption of defendant's negligence has been overcome by evidence introduced in rebuttal, and there is no evidence whatever of actual negligence on the part of the defendant, a verdict finding negligence is unsupported by the evidence and must be set aside. *Cronk* v. *Railroad Co.* 54 Am. & Eng. Ry. Cas. 525.

The presumption raised by proof that a fire was caused by the locomotive of a railway company is not a strong presumption of negligence, and the highest evidence is not necessary to rebut it. *Spaulding* v. *Railway Co.* 30 Wis. 110.

A law which imposes a heavy burden upon one when sued to recover for a loss occasioned, and does not apply to the other, is unequal. The distinction is an arbitrary one, without reason or justice, and the one would thereby be deprived of the equal protection of the law. *Railway Co.* v. *Ellis,* 165 U. S. 150; *Zeigler* v. *Railroad Co.* 58 Ala. 594; *SanMateo Co.* v. *Railway Co.* 13 Fed. Rep. 722; *Railroad Co.* v. *Bourgeois,* 66 Miss. 3; *Railroad Co.* v. *Smalley,* 1 Wash. 206; *Railroad Co.* v. *Minnesota,* 134 U. S. 418; *Millett* v. *People,* 117 Ill. 294; *Frorer* v. *People,* 141 id. 171; *Braceville Coal Co.* v. *People,* 147 id. 66; *Ritchie* v. *People,* 155 id. 98; *Eden* v. *People,* 161 id. 296; *Janesville* v. *Carpenter,* 77 Wis. 288.

The act relating to fires caused by locomotives is just such a law. It applies to the owner of a locomotive engine while upon or passing along any railroad in this State, and does not apply to the owner of a traction en-

gine while upon or passing along any public highway in
this State,—to say nothing of the horseless carriage, pro-
pelled by inflammables,—and other dangerous means of
communicating fire of like description. We submit that
this act is void, as depriving railroads of the equal pro-
tection of the laws.

PATTON, HAMILTON & PATTON, for appellee:

The question as to whether plaintiff's *prima facie* proof
has been overcome by the evidence of the defendant is
for the jury.     *Callaway* v. *Sturgeon,* 58 Ill. App. 159; *Rail-
road Co.* v. *Strotz,* 47 id. 342; *Railroad Co.* v. *Spencer,* 149 Ill.
101; *Railroad Co.* v. *Kingman,* 49 Ill. App. 43; *Railroad Co.*
v. *Gazette,* 133 Ill. 21; *Railroad Co.* v. *Pindar,* 53 id. 450.

The act relating to fires by locomotives is not uncon-
stitutional. It affects the remedy. It only regulates the
order of proof on the trial.     *Gage* v. *Caraher,* 125 Ill. 455;
*Roby* v. *Chicago,* 64 id. 447; Cooley's Const. Lim. 367.

The statute makes the communication of fire *prima
facie* proof of negligence, and throws the onus on the
defendant to disprove negligence.     This was the rule at
common law before the passage of the statute, and the
statute only re-enacts the common law.     *Boss* v. *Railroad
Co.* 28 Ill. 9; *Piggott* v. *Railway Co.* 3 C. B. 229.

Evidence that the same engine emitted cinders shortly
after the fire near the place of the fire is admissible.
*Railway Co.* v. *Richardson,* 91 U. S. 470; *Railway Co.* v. *Kurtz,*
29 Ill. App. 175; *Railroad Co.* v. *Smith,* 42 id. 531; *Railroad
Co.* v. *Helmerick,* 29 id. 270; *Campbell* v. *Railway Co.* 25 S.W.
Rep. 936; *Railway Co.* v. *Gilbert,* 52 Fed. Rep. 711; *Railway
Co.* v. *Johnson,* 54 id. 474; *Flynn* v. *Railroad Co.* 22 N.Y. Sup.
473; *Railway Co.* v. *Keith,* 35 N. E. Rep. 296; *Smith* v. *Rail-
road Co.* 55 N.W. Rep. 717; *Piggott* v. *Ray,* 10 Jur. 571; *Field*
v. *Railway Co.* 32 N.Y. 339; *Webb* v. *Railway Co.* 49 id. 421;
*Aldridge* v. *Railway Co.* 3 Man. & G. 515; *Railway Co.* v. *Noel,*
77 Ind. 121; *Smith* v. *Railway Co.* 63 N. H. 25; *Thatcher* v.
*R. P. Co.* 85 Me. 509.

·Mr. Chief Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of the circuit court awarding appellee damages for the destruction by fire of lumber and an office building. The declaration alleged that the loss was caused by appellant's so negligently operating a locomotive on its road that fire was emitted and communicated to a corn-crib situated on its right of way, from whence it spread to and destroyed said property of the plaintiff. The appeal is taken directly to this court, because it is alleged that the validity of the act of March 29, 1869, "relating to fires caused by loco-motives," is involved, it being assigned for error that the statute "is unconstitutional and void, in that it discrimi-. nates against railroads and deprives them of the equal protection of the law." ,

The statute in question provides that in actions like this, to recover damages for injury to property caused by fire communicated by any locomotive engine while upon or passing along any railroad in this State, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge the corporation or persons who shall at the time be in the occupation and use of the railroad, etc. This statute has been in force for nearly thirty years, and has been considered and applied in many cases, (*Chicago and Alton Railroad Co.* v. *Quaintance,* 58 Ill. 389; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Rogers,* 62 id. 346; *Chicago and Alton Railroad Co.* v. *Clampit,* 63 id. 95; *Toledo, Wabash and Western Railway Co.* v. *Larmon,* 67 id. 68; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Funk,* 85 id. 460; *Pittsburg, Cincinnati and St. Louis Railway Co.* v. *Campbell,* 86 id. 443; *Chicago and Alton Railroad Co.* v. *Pennell,* 110 id. 435;) but, as said in *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361, its validity has not heretofore been questioned.

It is not contended in the argument that the legislature may not establish rules of evidence, but it is insisted

that by this statute companies or persons operating railroads are singled out and a different and harsher rule is applied to them than is applied by the law to others, and that they are denied the equal protection of the laws. The argument is, that to make one rule of evidence applicable to actions for losses caused by fire communicated by locomotive engines while upon or passing along any railroad, and another rule applicable where the fire is caused by other agencies,—such, for example, as a traction engine running upon a public highway,—is to discriminate arbitrarily and unjustly against companies or persons operating railroads; that the law imposes a heavy burden upon the latter, leaving all others free from it. It is also said that the statute in question does not create any right of action against or impose any duty on railroad companies, and that the burden is not imposed as a penalty, in the nature of a police regulation, for a violation of duty imposed by the statute itself, and counsel cite and rely with confidence upon *Gulf, Colorado and Santa Fe Railway Co.* v. *Ellis,* 165 U. S. 150, as sustaining their contention that the statute is void. Many authorities are reviewed in that case, including some from this State, but we perceive a radical distinction between that case and this. In that case it was held that the Texas statute, making railroad companies liable to the opposite party for his attorney's fees in certain cases, violated the equality clause in the fourteenth amendment to the Federal constitution, because the classification was not based upon any reasonable ground, but was purely arbitrary in selecting railroad companies alone and fixing upon them a liability not imposed upon others, and which was not imposed as a penalty for the violation of a police regulation. But we are unable to see how the principle there applied is applicable to the case at bar. To our minds the classification made by our statute is a reasonable and natural one. There are such obvious differences between the dangers to be apprehended from

fires emanating from locomotives running at great speed upon railroads built upon rights of way, and the dangers from fires emanating from traction engines or other vehicles passing, necessarily at much slower speed, along public roads, that it would seem unnecessary to point them out. The statutes relating to the use of the two kinds of engines recognize the differences in the dangers to which they give rise. Steam engines upon public highways must be stopped by persons in control of them, when meeting persons with horses, until the latter shall have passed by, and a trusty man must be kept at not less than fifty nor more than two hundred yards in advance of such engines to assist in controlling any horse being driven on such highway, and it is made unlawful to blow any whistle on such engines while they are on the public highway. Such regulations, if applied to engines running upon railroads, would be absurd. It is true, these are police regulations, and have no reference to destruction of property by fire emanating from such engines, but they indicate the dangers sought to be guarded against by the temporary use of the public highways by traction engines, and the statutes applicable, respectively, to the two classes of engines recognize the differences in the kind and character of the dangers to property by the use of each.

It is apparent that, as a rule, it would be much less difficult for the property owner to prove negligence where it existed and had caused the destruction of the property by fire emanating from a steam engine proceeding slowly along a public road in the neighborhood, than it would in a similar case of loss by fire emitted from a locomotive engine running upon a railroad. Locomotive engines run upon the railroads at all times, day and night, in such numbers and with such frequency and speed that the liability to set fire to adjacent property is very great; and besides, from the very nature of the case it is often difficult to prove that fire which may have de-

stroyed property emanated from them, and often impossible to prove that such emanation of fire was caused by the negligence of the railroad company or its servants. It is no hardship on companies or persons operating such engines, after proof that they have set fire to the property of others, to be required, in order to relieve themselves from liability, to prove that they were not guilty of negligence. Whether they exercised due care or not in the operation of the engine with reference to the danger of emitting fire therefrom, and in its equipment with the most approved appliances to prevent the escape of fire, are matters more peculiarly within their knowledge, and they can supply such proof more readily than the property owner, who, as a general thing, has had no connection with the cause which operated to destroy his property, and rarely adequate proof of negligence of the company or its servants at his command. (*Woodson* v. *Milwaukee, etc. Railroad Co.* 21 Minn. 61.) Besides, the law of this State prior to the enactment of the statute, so far as applicable to the facts of this case, was the same as it has been since. (*Bass* v. *Chicago, Burlington and Quincy Railroad Co.* 28 Ill. 9; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Montgomery*, 39 id. 335; *Illinois Central Railroad Co.* v. *Mills*, 42 id. 407.) In the *Mills case*, (decided in 1866,) an instruction was assailed which asserted "that the escape of fire from a railroad engine raises a presumption of negligence on the part of the road, and, that fire having been shown to have thus escaped, the onus then devolved upon defendants to rebut the presumption of negligence," and this court said (p. 410): "Experience proves that by the use of modern inventions for the purpose the escape of fire may ordinarily be prevented, and when it does escape we may safely infer that such machinery has been omitted, and require the company to show that it was employed and in proper condition." The same rule has been announced in England: *Pigott* v. *Eastern Counties Railway Co.* 3 C. B. 229.

We hold the act to be constitutional.  The cases cited by counsel for appellant are not analogous and do not contravene the view we have taken.

It is contended by appellant that the court erred in overruling its motion in arrest of judgment because the declaration was defective.  The only defect complained of is, that the declaration did not state the duty of appellant correctly.  It charged that it was its duty "to so operate its road and its locomotive engines running thereon that fire should not escape and be communicated therefrom" to the property of the plaintiff.  This is substantially the form held sufficient in *Toledo, Wabash and Western Railway Co.* v. *Corn,* 71 Ill. 493.

At the close of the plaintiff's evidence the defendant company (the appellant here) asked that the case be taken from the jury and they be instructed. to find for defendant, which motion was overruled.  At the close of all the evidence the motion and instruction were renewed, and were again overruled.  These rulings of the court are assigned as error.  There was evidence sustaining the charge in the declaration, and as it is the province of the jury to pass on the question whether the company has exonerated itself from the presumption of negligence, the motions were properly overruled and the instructions to find for defendant properly refused.

Complaint is made of the refusal of three instructions offered by the defendant.  The first one was in regard to a cause of action not stated in the declaration nor in any way referred to in the testimony, and was therefore entirely immaterial and improper.  The other two were fully covered in instructions given for appellant, which are certainly as favorable to it as the law will warrant.

Some errors are alleged in the exclusion of evidence offered by appellant, but we find no error in that regard.  The testimony designed to be secured by some of the questions of the defendant which were not permitted to be answered was given in answer to other questions, and

the other rulings of the court complained of did not prejudice appellant. The exclusion of the so-called inspection record was proper. It was not a book of account. Besides, witness was allowed to refresh his memory from the same, and thus its contents came before the jury.

It is also insisted that the court erred in permitting plaintiff below to prove by the witness Hopper that shortly (within ten days) after the fire he saw the same engine passing through Farmingdale, going in the same direction as when the fire was alleged to have been set out, and saw it "throwing cinders from its smokestack." This, it is claimed, was error, in the absence of proof that the engine was in the same condition it was at the time of the fire. We are of the opinion that the evidence was admissible. The plaintiff was endeavoring to prove by circumstantial evidence that the crib was set on fire by the defendant's engine. It was a question whether the engine emitted sparks of fire or not, and if it was seen emitting fire when going up the same grade shortly after the fire, that fact would tend to show that the engine was of such a character as to its construction and equipment as to emit fire, and it would, when the substantial and permanent character of such an engine is considered, have some relation to its condition in the respect mentioned at the time, then so recently passed, when the property in question was destroyed. Testimony that the engine had emitted sparks or set out other fires near to the time of the fire complained of has been held admissible in many cases. (*P., C. & St. L. Ry. Co.* v. *Noel*, 77 Ind. 121; *Grand, Trunk Railroad Co.* v. *Richardson*, 91 U. S. 470; 8 Am. & Eng. Ency. of Law, 9, and notes.) Whether or not such testimony would come more properly in rebuttal after testimony for the defendant relative to the construction, equipment and condition of the engine in respect to its liability to emit fire it is not necessary to decide, as that question would rest in the sound discretion of the trial court, and no point has been made upon

it in this case.    But if, as might have been the case, the plaintiff had been unable to prove that the engine in question emitted sparks of fire when it passed the corn-crib a few minutes before the fire was discovered, the way would have been still open to him to prove by more remote circumstances that the defendant's engine did emit sparks and did in fact set out the fire that destroyed his property, and the fact in question was one of such more remote circumstances, and was not rendered irrelevant by proof of others having a more direct bearing on the issue.    It was the privilege of the defendant to disprove the fact, or prove that the engine had gotten out of repair after the fire.

It is said, however, that it was not disputed that the engine did at times emit sparks, and it is further said that the proof was that all, even the best equipped, engines, when laboring hard, will emit fire, and that the defendant is not liable, even if the property of the plaintiff was set on fire by defendant's engine, unless there was negligence.    The defendant did not admit, but controverted the fact, that the fire was caused by its agency, as alleged, and it devolved upon the plaintiff to make the necessary proof.    Besides, it cannot be said, as a matter of law, that the emission of sparks from an engine is no evidence of negligence.

It is also contended that the verdict is contrary to the weight of the evidence.    It was for the jury to say whether the fire was communicated from the engine, and if so, whether the company had observed the proper precautions for its prevention, or was guilty of negligence. (*Toledo, Peoria and Warsaw Railway Co.* v. *Pindar,* 53 Ill. 447.)    We cannot, from an inspection of the record, say that the verdict is not sustained by the evidence.

Finding no prejudicial error the judgment is affirmed.

*Judgment affirmed.*