CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

ROBERT J. HORNSBY.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*weight of evidence not a question for the Supreme Court in a suit at law.* On appeal from a judgment of the Appellate Court in a suit at law, the weight of the evidence can not be considered by the Supreme Court in passing upon the action of the trial court in refusing a peremptory instruction.

2. RAILROADS—*proof that fire was caused by engine makes a prima facie case.* Under the statute, proof that the fire which destroyed plaintiff's property was set by a spark from defendant's locomotive makes a *prima facie* case of negligence.

3. SAME—*what must be shown to rebut a prima facie case.* If it is proved that the fire which destroyed plaintiff's property was set by a spark from defendant's locomotive, the burden is on defendant to show that its locomotive had the best and most approved spark arrester, was in good repair and properly handled by a competent engineer.

4. SAME—*whether spark arrester was the best is for the jury.* Whether defendant's engine was equipped with the best and most approved spark arrester is a question of fact for the jury where the evidence is conflicting on that point, and the decision of the jury is conclusive upon the Supreme Court.

5. SAME—*instruction may require engine to have "safest" spark arrester.* It is not ground for reversal that an instruction requires the jury to find whether defendant's engine was equipped with the "safest" appliance to prevent the escape of fire instead of the "best" appliance, which is the word used in the statute.

*C., C., C. & St. L. Ry. Co.* v. *Hornsby,* 105 Ill. App. 67, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

This is a suit, brought by the appellee against the appellant company to recover damages for the destruction of certain property upon appellee's farm by fire and sparks, emitted by an engine on one of appellant's pass-

ing trains.   A plea of not guilty was filed, and the trial
resulted in a verdict and judgment in favor of appellee
for $1390.00.   Upon appeal to the Appellate Court the
judgment was affirmed; and the present appeal is prose-
cuted from such judgment of affirmance.

The farm, owned by appellee, is in Macoupin county,
and appellant's right of way runs along and through it.
On August 2, 1901, a freight train on appellant's road
communicated fire to some stubble land on appellee's
farm near the railroad.   The fire caught on the field about
twelve feet from the right of way, and at a point directly
east of the appellee's house, barn, buildings and wheat
stacks.   The wind was blowing at a high rate in an east-
erly direction, and, before the fire could be extinguished,
it swept across the field, destroyed the fruit and a great
number of trees, five wheat stacks containing about eight
hundred bushels of wheat, a stack of oats, a large amount
of fence and fencing posts, and other property.   Appel-
lant defended on the ground that its engine was equipped
with the best and most approved appliances for arrest-
ing fire and sparks.

GEORGE F. McNULTY, for appellant.

DAVID E. KEEFE, and H. R. BUDD, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion
of the court:

All the facts in the case are settled by the judgment
of the circuit court in favor of appellee, and the judg-
ment of the Appellate Court, affirming the judgment of
the circuit court.   At the close of all the evidence, ap-
pellant requested the court to instruct the jury in writ-
ing to find the defendant not guilty, and this instruction
was refused.   Its refusal would present to this court the
question whether or not the evidence tends to establish
the cause of action.   Appellant's counsel, however, in-

stead of discussing the question as to what the evidence
tends to prove, devotes the greater part of his brief to
the discussion of the question whether or not the verdict
is supported by the weight of the evidence. The weight
of the evidence is not a matter to be considered by this
court. In *Baltimore and Ohio Southwestern Railway Co.* v.
*Tripp*, 175 Ill. 251, which was an action to recover dam-
ages for the destruction of property by fire communicated
from an engine, we said (p. 260): "It is also contended
that the verdict is contrary to the weight of the evi-
dence. It was for the jury to say whether the fire was
communicated from the engine, and if so, whether the
company had observed the proper precautions for its
prevention, or was guilty of negligence.—*Toledo, Peoria
and Warsaw Railway Co.* v. *Pindar*, 53 Ill. 447."

The statute of this State provides that in actions of
this character, "the fact that such fire was so communi-
cated shall be taken as full *prima facie* evidence to charge
with negligence the corporation, or person or persons
who shall, at the time of such injury by fire, be in the
use and occupation of such railroad," etc. (3 Starr &
Cur. Stat.—2d ed.—p. 3294). Under this statute, it was
only necessary for the appellee in the first place to es-
tablish a *prima facie* case of negligence against the ap-
pellant company by proving, or by introducing proof
tending to show, that the fire was caused by a spark
from the engine. The proof here is clear that the fire
was so caused. In fact, it is conceded by counsel for the
appellant company that the fire was communicated to ap-
pellee's property by a spark or sparks from the engine,
attached to one of appellant's passing trains.

When such *prima facie* case was made, the burden of
proof was then cast upon the appellant company to show,
either that the fire was caused by some other agency, or
that its engine was equipped with the best and most ap-
proved appliances to prevent the escape of fire, and was
in good repair, and properly and skillfully handled by

a competent engineer. (*First Nat. Bank* v. *Lake Erie and Western Railroad Co.* 174 Ill. 36; *Baltimore and Ohio Southwestern Railway Co.* v. *Tripp, supra*). Evidence was introduced in this case, tending to show that the appellant's engine was not equipped with the best and most approved appliances to prevent the escape of fire. Whether or not it was so equipped was a matter, about which there was conflict in the testimony. Upon this question the Appellate Court say in their opinion: "The foreman of appellant's boiler shops at Mattoon, D. W. Sapp, testified that the spark arrester on the engine in question was of the best and most approved pattern for the arrest of sparks, and displayed in court a sample of wire netting like that used on the engine. James E. Ross, an engineer of over thirty years' experience, testified in rebuttal that the arrester was not the best, that the mesh of the sample, which was exhibited, was too coarse, etc. * * * It was the peculiar province of the jury to decide on the difference between these two experts."

Indeed, upon the trial below, the appellant submitted certain special interrogatories to the jury, to which they were required to return their answers with their verdict. Two of the interrogatories, so presented to them, and their answers to the same, were as follows: "Was the engine of the defendant, which is said to have caused the fire in question in this suit, equipped with the best and most approved appliances known to, and in general use upon, railroads to prevent the escape of sparks and fire at the time of said fire?" Answer: "No." "Were said appliances to prevent the escape of sparks and fire on said engine in good repair at the time of said fire?" Answer: "No." In reply to two other interrogatories, the jury found that the engine was handled and managed by competent persons, and was not, at the time of the fire, pulling a larger train than it was capable of handling. In *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Spencer*, 149 Ill. 97, we said (p. 101): "Clearly, the

question whether the defendant's evidence was sufficient, under all the circumstances, to rebut the *prima facie* proof of negligence, arising from the undisputed fact that the fire was communicated from the engine, was clearly a question of fact for the jury, and as to which the judgment of the Appellate Court is conclusive."

Inasmuch as there is evidence, tending to show that the engine was not equipped with the best and most approved appliances to prevent the escape of fire, and inasmuch as, under the evidence and the instructions in the case, that question was properly submitted to the jury, their verdict, and the judgments founded upon it, are conclusive upon this court.

*Second*—The only other point, urged upon our attention by counsel for appellant as a reason for reversing this judgment, is that the court erred in giving instruction numbered 6, which was given for the appellee upon the trial below. The objection to this instruction is, that the jury were required to find whether or not such engine was properly equipped "with the most approved and safest appliances" upon its engine to prevent the escape of fire and sparks therefrom. It is said that it was erroneous for the court to make use of the word "safest."

The general rule, as laid down by this court, is that in such cases the engine must be provided "with the best and most approved appliances." (*Chicago and Eastern Illinois Railroad Co.* v. *Goyette*, 133 Ill. 21; *American Strawboard Co.* v. *Chicago and Alton Railroad Co.* 177 id. 513). In the case of *American Strawboard Co.* v. *Chicago and Alton Railroad Co. supra*, we said (p. 519): "When it is proved or admitted that the fire was so communicated, that is full *prima facie* evidence to charge the defendant with negligence, and the burden was on defendant to avoid the effect of such presumed negligence by proving that the engine was at the time equipped with the best and most approved appliances to prevent the escape of fire," etc. If the sixth instruction incorrectly made use of the word

"safest," no injury could have been done to the appellant, for the reason that the third instruction given for appellee, and the fifth, sixth and seventh instructions given for appellant, told the jury that it was necessary for them to find, and for the defendant to prove, that the engine was equipped with "the best and most approved appliances," etc. These instructions announced the rule correctly as it is stated in the authorities.

But it is quite clear that there was no error committed in the use of the word "safest," because an appliance, which is "the best and most approved," necessarily is an appliance of the safest character. It is the duty of the railroad company to use such kind of spark arrester upon its engines, as will afford the greatest protection and safety to the adjoining property owners. The object of equipping the engine with the spark arrester is to prevent the destruction of property adjoining and lying near the railroad track. If the arrester is of such a character as to prevent such destruction, it necessarily insures safety to the property owner. It would seem to follow that the words "best" and "safest" are really interchangeable terms. In *Chicago and Alton Railroad Co.* v. *Pennell*, 94 Ill. 448, we said (p. 451): "The law, doubtless, required defendant to use every possible precaution, by the use of all the best and most approved mechanical inventions, to prevent loss from fire along the line of its road." It might well follow, that the duty thus enjoined required the use of the safest appliances for the arrest of fire and sparks.

We find no error in the record. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*