THE CONSOLIDATED FIREWORKS COMPANY OF AMERICA

*v.*

FREDERICK KOEHL.

*Opinion filed December 16, 1903.*

TRIAL—*when question whether parties were the defendant's servants is properly left to the jury.* Whether the men whose negligence in discharging fireworks caused an explosion were servants of the defendant fireworks company or of the committee in charge of the display is properly left to the jury, under evidence that the company sent the men, as agreed, paid their expenses, wages and hotel bills, and that the committee did nothing but locate the stand.

*Consolidated Fireworks Co. v. Koehl,* 103 Ill. App. 152, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. H. M. TRIMBLE, Judge, presiding.

This case was begun in the circuit court of LaSalle county. A trial was had before a jury in the month of November, 1899. Upon this trial, at the close of the plaintiff's testimony, the plaintiff dismissed his suit as to the city of LaSalle. Motions to exclude the plaintiff's testimony and for peremptory instructions were thereupon made on behalf of appellant and the fireworks committee, the remaining defendants. Appellant's motion was denied but the motion of the fireworks committee was

sustained. The jury found a verdict for appellee, against the appellant, the Consolidated Fireworks Company, and assessed plaintiff's damages at $4000. Judgment was rendered on this verdict and appeal taken to the Appellate Court for the Second District, where the judgment was affirmed. On appeal to this court the judgment was reversed, on the ground that the rights of appellant were prejudiced by the action of the trial court in excluding the testimony as to members of the committee and in the giving on their behalf of a peremptory instruction. The case was subsequently re-instated in the circuit court of LaSalle county, where trial was again had before a jury in November, 1901. The case was submitted to the jury as to all the defendants, but as to the fireworks committee the verdict was not guilty. Appellant was found guilty and appellee's damages assessed at $4000. Upon the second trial no instruction was asked by appellee. No complaint is made as to the admission or exclusion of evidence, and there is no serious complaint made as to the modification of appellant's instructions. The case was appealed to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed.

Some little additional proof was offered on each side at the second trial, but the case is now substantially the same as when it was previously before this court, (190 Ill. 145,) to which reference is made for a more complete statement of facts.

Weart & Weart, (Thompson & Jenks, of counsel,) for appellant.

H. M. Kelly, and Lincoln & Stead, for appellee.

Mr. Justice Ricks delivered the opinion of the court:

Appellant's assignments of error and argument are upon the theory that there is not sufficient evidence in the record to support the judgment against it. A peremptory instruction having been asked, at the close of

all the evidence, directing a verdict for defendant, and said instruction having been refused, the legitimate field of inquiry in this court is confined to the single question whether there was evidence tending to support the verdict, notwithstanding the fact that appellant, by its argument and assignments, seeks to have this court weigh the evidence. The weight of the evidence is not a matter to be considered by this court in cases of this kind. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hornsby,* 202 Ill. 138; *McLean County Coal Co.* v. *Simpson,* 196 id. 258.

Twelve witnesses, besides appellee, were called by plaintiff and gave testimony as to the conditions existing at the time and place of the accident out of which this suit grows. These witnesses were uninterested bystanders and onlookers. They testified that during the time that Barber and Rowden were sending off rockets and shells, showers of sparks and embers were falling around the place; that the boxes out of which the fireworks were being taken by Barber and Rowden were left uncovered and unprotected; that loose fireworks were taken out of the boxes and laid either on the ground or on the lids of the boxes, within a few feet of the point where the fireworks were being fired. The testimony of these witnesses was not contradicted.

On the question of whose servants Barber and Rowden were, the evidence is conflicting. Appellant contends that they were in the employ of the fireworks committee; appellee contends that they were in the employ of appellant. Mr. Guthman, chairman of the fireworks committee and purchaser of the goods, testified, in substance, as follows: "I told him [Mr. Beech, assistant manager of the appellant company,] that we had corresponded with other fireworks companies and that their prices were about the same, and they all had said they would send men to take charge of the fireworks, and that was the reason I was there, as there were none of us knew any-

thing about fireworks, and we wanted the people to take charge of the show. He sold me the fireworks and men to take care of the show. I told him he could ship the fireworks to the bank or to the committee or to myself. I told him that if they agreed to send down men to fire off this show I could almost promise him this bill. Beech replied, 'All right, we will do it.'" Mr. Voorhees, manager of the appellant company, by his testimony tended to corroborate the statements made by Mr. Guthman. Mr. Voorhees said: "Mr. Guthman said, while our prices were a little higher than he had been offered by a competitor, that they had also offered to send a man to fire the display free of charge. If we would do the same, while he could not give the order then, when he got home he would see the committee and see that the order was sent to us." On June 30 Guthman wrote appellant in regard to some paper mortars which had been charged to him, closing his letter as follows: "Please answer at once when your man will be here to take charge of the fireworks, *as agreed.*" In reply to this letter appellant said: "We will give you credit for them [meaning the mortars] when they are returned. The man that comes down to fire the show will see to returning them. We will send two men to-morrow night, and will report to you early Thursday morning." The two men who were sent were Barber and Rowden. Their wages were paid by appellant; also their expenses, hotel bills and railroad fare.

We deem it unnecessary to go into more elaborate detail as to the evidence. We think it clear that the character of the evidence is such as to render futile the contentions of appellant. Nor do we think it necessary to review the authorities cited by appellant's counsel. They are applicable to cases where one who is the general servant of another is loaned or hired by his master to another for some special purpose, and, as we regard them, are inapplicable to the case before us. The main

case cited by the appellant seems to be that of *Wyllie* v. *Palmer*, 137 N. Y. App. 284. There the men who discharged the fireworks were sent by the company to the committee, who took them to the hotel, paid their expenses, and the committee not only directed where the display should take place, but directed as to the time and place of firing particular pieces, and had a member of the committee on the platform assisting and directing in the discharge of the particular piece that wrought the injury. In the case at bar the committee made a contract for $223.20. That included the cost of the fireworks and the service and expenses of the men sent to discharge them. The evidence shows that other than to locate the stand where the display was to take place the committee exercised no acts in connection with it; that appellant sent the men, paid their wages, expenses and hotel bills, and the men so sent took charge of and conducted the display. We do not think the case of *Wyllie* v. *Palmer, supra,* applicable to or controlling under the facts in the case at bar.

The jury found that Barber and Rowden were servants of the appellant, and the Appellate Court reached the same conclusion, which we think there is not only evidence tending to support, but by the evidence is clearly established.

We do not see how it can be seriously contended that there was no evidence tending to support plaintiff's case, and as that is the only question we are authorized to consider, the questions of the weight of the evidence and of fact having been conclusively settled by the judgment of the Appellate Court, we find it is our duty to affirm the judgment entered by the Appellate Court in this case, and it is accordingly so ordered.

*Judgment affirmed.*