### Chicago & Alton Railway Company v. D. O. Hill.

1. ARGUMENT—*right to open and close.* In an action for damages resulting from fire communicated by a locomotive, the right to open and close is with the plaintiff, and this notwithstanding the statute which makes the fact that the fire was communicated by a locomotive, *prima facie* evidence of the negligence of the defendant company.

2. NEGLIGENCE—*when instruction upon, improper.* An instruction which assumes to state what facts constitute negligence invades the province of the jury and is properly refused.

Action in case. Appeal from the Circuit Court of Cass county;

the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906. Rehearing denied January 8, 1907.

R. W. MILLS, for appellant.

SMITH & FRIEDMEYER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant, in the Circuit Court of Cass county, for $985.50, being the value of 5,400 bales of straw, alleged to have been destroyed by fire communicated by a locomotive engine of appellant.

In the summer of 1905, appellee was engaged in the business of buying, baling and shipping straw at Ashland. He hauled the straw in bales to Ashland and there unloaded it on the right of way of appellant, where it was placed in ricks, preparatory to shipment over appellant's railroad to Peoria. The evidence tends to show that appellee had conducted his business in the manner indicated for many years, with the knowledge and by the direction of the servants of appellant, and that appellant had actual notice of the use of its right of way by appellee and of the proximity of the straw to its track. On August 11, 1905, 5,400 bales of straw were totally destroyed by fire, and the evidence tends to show that such fire was communicated by a locomotive freight engine of appellant, while such engine was doing switching in the yards. As bearing upon the question, whether or not appellee was guilty of contributory negligence in permitting so large a quantity of straw to remain upon appellant's right of way, the court properly admitted evidence tending to show that appellee had from time to time, prior to August 11, 1905, ordered cars from appellant to transport such straw and that appellant had neglected to furnish the same when ordered.

The fact that the fire which consumed the straw was communicated by a locomotive engine of appellant, was, under the statute, full *prima facie* evidence to charge appellant with negligence (Hurd's Stat. 1903, chap. 114, par. 103), and the burden was then cast upon appellant to show that its engine was equipped with the best and most approved appliances to prevent the escape of fire, that said appliances were in good repair, and that the engine was properly and skillfully handled by a competent engineer. C. C. & St. L. Ry. Co. v. Hornsby, 202 Ill. 138.

There is evidence tending to show that the freight engine was equipped with the best and most approved appliances for arresting sparks, that said appliances were in good repair, and that the engine was properly and skillfully handled by a competent engineer, but such evidence is not so conclusive in its character as not to be open to successful contradiction by other facts and circumstances in evidence in the case.

It appears from the evidence, that immediately before the fire was discovered, and shortly thereafter, the freight engine, while switching cars on the side track, near the straw ricks, emitted large quantities of cinders from its smokestack, and this, when there was no apparent occasion for so doing. We think the evidence justified the jury in finding that appellant was negligent in respect to the proper equipment of its engine, or the manner in which the engine was handled, and that such negligence was the proximate cause of the burning of the straw.

It is urged that the court erred in refusing to allow counsel for appellant to open and close the argument to the jury. The mere fact that appellee had made a *prima facie* case of negligence against appellant did not authorize counsel for appellant to open and close the argument. The plea of the general issue had not been withdrawn and the burden was on appellee to establish the amount of his damages, as well as to

establish his right to a recovery. Upon that issue, viz., the amount of damages, appellee had the right to open and close the argument. Gardner v. Meeker, 169 Ill. 40.

The first and second instructions, given at the request of appellee, are not entirely accurate in assuming that there was evidence in the case tending to show that the straw had been delivered to appellant for shipment, but as appellee's right of recovery did not depend upon proof of that fact, it is not apparent that the instructions could have misled the jury to the prejudice of appellant.

Appellant's eighth instruction invaded the province of the jury, by assuming to state what facts constituted negligence, and was, therefore, properly refused.

The record is free from prejudicial error, and the judgment is affirmed.

*Affirmed.*