LIBBY, MCNEILL & LIBBY

*v.*

PETER B. COOK.

</div>

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

1. TRIAL—*rule as to directing a verdict.* If there is no evidence, or but a scintilla of evidence, tending to prove the material averments of the declaration, the jury should be directed to return a verdict for the defendant; but if there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that all the material averments of the declaration have been proven, the case should go to the jury.

2. SAME—*same rule applies to motions made at close of plaintiff's evidence and at the close of all the evidence.* The same rule as to directing a verdict applies whether the motion for a peremptory instruction is made at the close of the plaintiff's evidence or at the close of all the evidence.

3. SAME—*weight of evidence cannot be considered on motion to direct a verdict.* Upon a motion to direct a verdict for defendant, where there was no affirmative defense, if there is any evidence in the record which, standing alone, tends to prove the material allegations of the declaration, the motion should be denied, even though the court is of the opinion that a verdict for the plaintiff, if given, must be set aside as against the preponderance of the evidence.

4. SAME—*scintilla of evidence in favor of plaintiff does not justify refusing to direct a verdict.* A mere scintilla of evidence in favor of the plaintiff does not justify the court in refusing to direct a verdict for defendant, since that quantum of evidence, alone, does not fairly tend to prove any material averment of the declaration.

5. MASTER AND SERVANT—*when master must be held to have notice of defects which an inspection would have revealed.* Where a servant calls his foreman's attention to a loose condition of machinery, such as should have led the foreman to make a careful investigation of the mechanism, the master is chargeable with notice of every defect which such investigation would have revealed.

6. SAME—*when servant does not assume risk of injury.* An oiler employed in an engine room does not assume the risk of injury from the breaking of a metal strap fastening the connecting-rod to the piston-rod of the engine, although he knew an opening had appeared between the strap and the connecting-rod, where the foreman assured him that the strap was worn but was "all right," and where the partial break in the strap could not be discovered without taking off the strap and inspecting it on the inside.

APPEAL, from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

This is an appeal from a judgment of the Branch Appellate Court for the First District affirming a judgment of the superior court of Cook county for the sum of $6000, in a suit brought by appellee, a servant, to recover from appellant, his master, for personal injuries. The following statement of facts is, in large part, that of the Branch Appellate Court:

The injuries complained of were inflicted by the cylinder-head of an engine which gave way or bursted, a piece of it

striking appellee, causing a compound fracture of the left leg
between the thigh and knee joint. The accident was appar-
ently caused by the breaking of an appliance called a "strap,"
used to connect the piston-rod of the engine with the con-
necting-rod. The latter was attached to a crank on a large
drive-wheel carrying the main belt by which the power was
transmitted to the machinery by the engine operator. The
breaking of the strap took off resistance from the piston-rod,
allowing the latter to be thrown back against the cylinder-
head, causing it to burst. The strap, the breaking of which
seems to have been the primary cause of the accident, is a
solid piece of metal having parallel sides connected by a semi-
circular end. Its shape is like that of the letter U, with the
parallel sides somewhat prolonged. The curved part, re-
ferred to as the "throat," is so placed as to play around the
boxing or brasses which encircle the pinion on the end of
the piston-rod. The strap in this way joins the connecting-
rod, which drives the large wheel, with the piston-rod, which
works rigidly back and forth. The sides of the strap are
held firmly to the connecting-rod by a gib and a key inserted
in slots made in the strap and rod. The strap is about one
and three-fourths inches through at the center of the curve
or throat, about one inch through at the conjunction of the
sides with the beginning of the curve, where the fracture oc-
curred, while it is about three inches wide, and the sides are
about nine and three-fourths inches in length, forming a
substantial and solid piece of metal. Such a strap is made
from a solid forged piece of steel or iron by drilling and
slotting out the center. It is then filed out and planed off on
the inside, and so finished that it fits the rod so tightly that it
has to be driven on with a soft hammer. After the accident
it was found that the throat or curved part of the strap had
broken completely off from the two parallel sides, the fracture
occurring at both sides at a point where the curve thickened,
leaving the two sides of the strap still attached to the con-
necting-rod with the gib and key in place.

Prior to the day appellee was injured a slight opening had been observed between the rod and the end of the strap on top of the rod. The following drawing, representing the piece of machinery under discussion, will perhaps aid in arriving at a correct understanding of the manner in which the accident occurred:

The plaintiff was employed as an oiler in the engine room. At the moment of the bursting of the cylinder-head he was passing in such close proximity as to receive the injury complained of.

The declaration contains a single count, and charges that appellant negligently permitted the strap, the breaking of which caused appellee's injury, to become and remain in a defective, improper and unsafe condition, in that it was broken, weakened and otherwise defective and liable to break, and that appellant knew, or by the exercise of ordinary care might have known, this in time to avoid the injury.

The defendant interposed the general issue.

F. J. CANTY, E. E. GRAY, and J. C. M. CLOW, for appellant.

222—14

JAMES C. McSHANE, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

At the close of all the evidence the defendant asked an instruction of not guilty. This motion was not sustained, and its denial is assigned as error. The question thus presented has been stated by this court in varying language.

It has been said that such a motion should be allowed "where the evidence, with all the legitimate and natural inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict for the plaintiff;" (*Lake Shore and Michigan Southern Railway Co. v. Richards,* 152 Ill. 59;) or where the evidence, "with all the inferences which the jury might justifiably draw therefrom, is not sufficient to support a verdict for the plaintiff, if one should be returned;" (*Foster v. Wadsworth-Howland Co.* 168 Ill. 514; *Foster v. McKeown,* 192 id. 339;) and it has been said that such a motion presents the question in this court whether there was evidence "fairly tending to support the verdict;" (*Chicago Terminal Railroad Co. v. Kotoski,* 199 Ill. 383; *Chicago and Alton Railway Co. v. Walker,* 217 id. 605;) "whether there was evidence tending to support the verdict;" (*Consolidated Fireworks Co. v. Koehl,* 206 Ill. 283;) whether "the evidence for the plaintiff below, with the reasonable inferences to be drawn therefrom, is sufficient to warrant a verdict for the plaintiff;" (*Chicago and Alton Railroad Co. v. Wise,* 206 Ill. 453;) whether "the evidence sustaining the cause of the plaintiff below, with the reasonable inferences to be drawn therefrom, is sufficient to warrant a verdict for the plaintiff;" (*Knickerbocker Ice Co. v. Benedix,* 206 Ill. 362; *Illinois Central Railroad Co. v. Swift,* 213 id. 307); and whether there is "in this record any evidence which, with the inferences that the jury may justifiably draw therefrom, is sufficient to support a verdict for plaintiff." *Chicago City Railway Co. v. Bennett,* 214 Ill. 26.

A peremptory instruction for defendant should not be given, "except where there is a substantial failure of evidence tending to prove the plaintiff's cause of action or to prove some material fact necessary to establish it;" (*Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132;) if the evidence "tended to prove the allegations of the declaration;" (*Boyce* v. *Tallerman*, 183 Ill. 115;) "where there is evidence tending to show the plaintiff's right to recover;" (*Landgraf* v. *Kuh*, 188 Ill. 484;) where there is "any evidence in the record fairly tending to support the plaintiff's cause of action;" (*Chicago City Railway Co.* v. *Martensen*, 198 Ill. 511; *Illinois Terminal Railroad Co.* v. *Mitchell*, 214 id. 151;) where "there was evidence tending to sustain the cause of action as set up in the declaration;" (*Consolidated Coal Co.* v. *Fleischbein*, 207 Ill. 593;) where "there was evidence fairly tending to prove a cause of action against the defendant;" (*Rowe* v. *Taylorville Electric Co.* 213 Ill. 318;) where there was any evidence "which, with all its reasonable inferences and intendments, fairly tended to prove the plaintiff's case;" (*Chicago City Railway Co.* v. *Lannon*, 212 Ill. 477;) where "there is evidence in the record fairly tending to prove the allegations of the declaration;" (*Chicago City Railway Co.* v. *Gemmill*, 209 Ill. 638; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Banfill*, 206 id. 553;) where "the evidence introduced on behalf of the plaintiff, when taken to be true, together with all legitimate inferences which may be drawn therefrom in favor of the plaintiff, tend(s) to support the cause of action set out in his declaration;" (*Hewes* v. *Chicago and Eastern Illinois Railroad Co.* 217 Ill. 500;) or where "the evidence produced before the jury, with all the inferences proper to be drawn therefrom, fairly tended to prove the cause of action set out in the declaration." *Union Bridge Co.* v. *Teehan*, 190 Ill. 374.

Each of the quoted expressions bears precisely the same meaning, in so far as a rule is laid down for determining

whether a peremptory instruction should be given. The differing language used in the various cases results from the fact that the court has not seen fit to state the rule in precisely the same terms on every occasion, and does not indicate that the view of the court has changed at any time.

There are certain cases in which it is intimated that one rule should be applied to a motion of this character when it is made at the close of the plaintiff's evidence, and another when it is made at the close of all the evidence. Among these cases are *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242, *Foster* v. *Wadsworth-Howland Co. supra, Landgraf* v. *Kuh, supra,* and *Foster* v. *McKeown, supra.* We think a careful consideration of these authorities, and others cited above, leads to the conclusion that there is but one rule to be applied to such motions, whether the motion is made at the close of the plaintiff's evidence or at the close of all the evidence. *Chicago City Railway Co.* v. *Martensen, supra.*

In either case, if there is no evidence, or but a scintilla of evidence, tending to prove the material averments of the declaration, the jury should be directed to return a verdict for the defendant. If, however, there is in the record any evidence from which, if it stood alone, the jury could, "without acting unreasonably in the eye of the law," find that all the material averments of the declaration had been proven, then the cause should be submitted to the jury. (*Frazer* v. *Howe,* 106 Ill. 563; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340; *Bartelott* v. *International Bank,* 119 id. 259; *Offutt* v. *Columbian Exposition,* 175 id. 472.) Such evidence last mentioned fairly tends to prove all the material averments of the declaration, and such evidence, standing alone, is sufficient to sustain, warrant or support a verdict in favor of the plaintiff, even though it may be that a verdict for the plaintiff, if returned, would have to be set aside on a motion for a new trial because against the manifest preponderance of all the evidence. In passing upon a motion for a peremptory instruction the question of the preponderance of

the evidence does not arise at all. Evidence fairly tending to prove the cause of action set out in the declaration may be the testimony of one witness only, and he may be directly contradicted by twenty witnesses of equal or greater credibility; still the motion must be denied, and if a verdict for the plaintiff follows, the question whether it is manifestly against the weight of the evidence is for the trial court upon motion for a new trial, and, in the event of that motion being overruled and a judgment entered, for the Appellate Court upon error properly assigned.

When a motion for a peremptory instruction is made by the defendant, if the court is of the opinion that in case a verdict is returned for the plaintiff it must be set aside for want of any evidence in the record to sustain it, a verdict should be directed. If the court is of the opinion that there is evidence in the record which, standing alone, is sufficient to sustain such a verdict, but that such a verdict, if returned, must be set aside because against the manifest weight of all the evidence, then the motion should be denied. (*Simmons* v. *Chicago and Tomah Railroad Co. supra; Bartelott* v. *International Bank, supra; Offutt* v. *Columbian Exposition, supra.*) To hold otherwise is to deny to plaintiff the right of trial by jury. There may be in a record evidence which, standing alone, tends to prove all the material averments of the declaration, and which is therefore sufficient to support, warrant or sustain a verdict in favor of plaintiff, and yet, upon the whole record, the evidence may so preponderate against the plaintiff that a verdict in his favor cannot stand when tested by a motion for a new trial.

Where, as here, there is no affirmative defense, the rule applicable may be clearly expressed in these words: A verdict for the defendant should not be directed when there is in the record evidence which fairly tends to prove all the material averments of the declaration. A mere scintilla of evidence in favor of the plaintiff does not justify the court in refusing to direct a verdict, because that quantum of evi-

dence, only, cannot be said to fairly tend to prove any material averment of the declaration.

In the case at bar the greater part of the argument of both parties has been devoted to determining where the preponderance of the evidence lies. Appellant contends that the plaintiff, who testified in his own behalf, was so flatly contradicted on a material point by a number of credible witnesses that his evidence in reference to that matter should be entirely rejected. This contention was proper in the Appellate Court but it has no place here.

Evidence appears from the abstract to the effect that a day or two prior to the accident the attention of the appellant's foreman was called by appellee to the fact that there was an opening between the strap and the rod, whereas they should fit snugly together, and there is proof that this opening indicated that the strap was "sprung" or bent. There is also evidence that on this occasion appellee asked the foreman if the strap was not sprung, and if it would not be safer if a bolt was put through the strap and rod to hold them together, and that the foreman replied that the people who constructed the engine knew better than appellee and the foreman how it should be built, and that the strap or rod was worn but "that it was all right." Appellee testifies that this opening was an eighth of an inch in width at the end of the strap on top of the rod, and extended back toward the throat of the strap about six inches, gradually growing less as it went backward. There is also proof that, after the accident, inspection of one break indicated that the strap was partly broken through from the inside prior to the time of the accident. When the foreman's attention was called to the matter be made no investigation beyond looking at the opening. The evidence tended to show a state of facts the existence of which required appellant, in the exercise of reasonable care for the safety of its employees, to have the strap removed and inspected on the inside at the time the foreman's attention was called to the opening. The jury might

reasonably conclude that had this course been pursued the accident would have been prevented.

Appellant must be deemed to have had notice of every defect in the strap which an inspection would have revealed, as it had actual notice of a condition which should have led it to make a careful and searching investigation of the mechanism in question.

It is said, however, that as appellee called the attention of the foreman to the opening, and as the defect was not remedied and appellee continued in the employ, he assumed the risk. The extent of the danger could not be ascertained from looking at the opening. If, as the evidence tends to prove, there was already a break in the strap, that could only be seen by taking the strap off and examining it from the inside, and if that break existed the danger resulted therefrom. Appellant and appellee both knew of the outward defect. Neither had actual knowledge of the hidden danger. Appellant had the right, and the evidence tends to show that it was its duty, to make an examination to determine whether such a danger existed. Appellee had no such right, and while he had knowledge of the defect it does not appear that he had knowledge of the danger, and under such circumstances it cannot be said that he assumed the risk. *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614; *Illinois Steel Co.* v. *Schymanowski,* 162 id. 447; *Union Show Case Co.* v. *Blindauer,* 175 id. 325; *Chicago and Eastern Illinois Railroad Co.* v. *Knapp,* 176 id. 127; *Swift & Co.* v. *O'Neill,* 187 id. 337; *Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 id. 492.

The motion for a peremptory instruction was properly denied.

In the trial of the cause counsel for appellee, after many unsuccessful efforts to induce a witness to give a direct answer to a certain question on cross-examination, made an improper remark, which was objected to and immediately

withdrawn. We do not think it was of a character to warrant a reversal of the judgment.

Complaint is also made of the action of the court in permitting certain impeaching questions to be propounded to appellant's witness Smith, on cross-examination. We have considered this assignment of error in connection with the testimony of this witness and find that no harm was done appellant by the court's ruling.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*