### John Albert Dahlin v. W. W. Sherwin.

#### Gen. No. 4.629.

1. Exception—*essential to review ruling upon evidence.* In order to save for review a ruling of the court upon the admission and exclusion of evidence, an exception should be taken to such ruling.

2. Peremptory instruction—*what question raised by motion for.* A motion to direct a verdict for the defendant raises the question as to whether there is any evidence which with all proper inferences to be drawn therefrom fairly and reasonably tends to support the cause of action alleged in the declaration.

3. Assumed risk—*doctrine of, defined.* Ordinarily, one engaging in any employment assumes the ordinary risks and hazards of the business in the manner in which it is conducted, and there is no duty of the master to warn and instruct him as to dangers which are patent to persons of ordinary intelligence.

Action in case for personal injuries. Error to the Circuit Court of Kane county; the Hon. Linus C. Ruth, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed March 13, 1907.

Frank W. Joslyn and Waite Joslyn, for plaintiff in error.

Nathaniel C. Sears and John A. Russell, for defendant in error.

Mr. Justice Willis delivered the opinion of the court.

This was an action on the case brought by John Al-

bert Dahlin, plaintiff in error, in the Kane County Circuit Court, against defendant in error, W. W. Sherwin, to recover for personal injuries alleged to have been sustained by plaintiff while employed in operating a curd chopping machine in defendant's factory.

The declaration charged that plaintiff was employed to operate a curd grinding or chopping machine, hazardous in its operation, and that the hazard was known to defendant and unknown to plaintiff, and that defendant negligently failed to warn plaintiff of the hazard or instruct him as to the safest way to operate the machine; and averred that, while in the exercise of due care for his own safety, he sustained a severe injury to his hand by the operation of said machine. The defendant pleaded not guilty. At the close of plaintiff's evidence, the court, on motion of defendant, directed a verdict for defendant and such verdict was rendered. A motion for a new trial was denied, defendant had judgment for costs, and plaintiff sued out this writ of error to review such judgment.

The evidence shows that plaintiff, a man twenty-eight years old, of at least ordinary intelligence, applied at defendant's factory for employment and was put to work on a curd chopping or grinding machine, a bowl-shaped receptacle from eight to ten inches in diameter at the top and three and a half at the base, with a worm or screw operating in a jacket at the bottom. The curd was brought to the machine, cut into strips twelve to fourteen inches long and three or four inches wide, fed into the bowl, and strips used ordinarily to press the curd down to the worm or screw. At times the smaller particles or pieces were shoveled into the bowl and pressed down with the strips. On the 19th day of January, 1903, plaintiff's seventh day in operating the machine, in pressing down the curd with his hands one came in contact with the worm or screw, crushing the thumb and fingers. Plaintiff testified that a crust had formed over the surface of the curd in the bowl, leaving a hollow

space between the crust and the worm or screw, and that, in pressing down the curd, his hand was caught and injured; and that before he commenced work he looked down into the bowl, saw the worm or screw running in the jacket, knew if he got his fingers into the worm or screw they would be crushed, and that he had strips he could have used had he known of the danger. He also testified, ''I pushed the material down with my hands. I had been doing so all morning.''

There was no charge in the declaration, or evidence in the record, that the machine involved was not in perfect repair and good working order, or evidence tending to show that all the appliances for doing the work were not of the usual kind, or that they lacked safe guarding that was in use on such machine, or that its operation was attended with any danger other than that resulting from the formation of the crust on the surface of the curd.

It is urged that the court erred in excluding a conversation had between witness Linders and Dixon, defendant's foreman, offered by plaintiff, the tendency of which was to charge defendant with notice of plaintiff's inexperience in operating the machine. There was no error in its exclusion, because the record discloses that the conversation offered related to a man other than plaintiff, and for the further reason that proper exception was not preserved in the record.

The motion to direct the verdict for defendant raised the question whether there was any evidence, which, with all proper inferences to be drawn therefrom, fairly and reasonably tended to support the cause of action alleged in the declaration. If there was not the court was right in granting the motion; but if there was the motion should have been overruled. Libby, McNeil & Libby v. Cook, 222 Ill. 206, and cases there cited.

It is contended by plaintiff in error that the formation of the crust over the surface of the curd with a hollow space underneath, above the worm or screw,

created a hazardous condition he should have been warned against or instructed about, and therefore defendant is liable. Ordinarily, one engaging in any employment assumes the ordinary risks and hazards of the business in the manner in which it is conducted, and there is no duty of the master to warn and instruct him as to dangers which are patent to persons of ordinary intelligence. C. & A. Ry. Co. v. Bell, 209 Ill. 25. One who attempts to do work which exposes him to obvious and known dangers assumes the risk. Indianapolis, Bloomington & Western Railroad Co. v. Flanigan, 77 Ill. 365. When there are special risks which are not obvious or patent, and of which the servant is not cognizant, it is the duty of the master to notify him of such. United States Rolling Stock. Co. v. Wilder, 116 Ill. 100. If the servant is ignorant and inexperienced it is a duty to warn him of dangers not obvious to one without experience; but there is no duty to notify or instruct him as to dangers that are open and apparent to every person. C. & A. Ry. Co. v. Bell, *supra*. Plaintiff was twenty-eight years old, of at least ordinary intelligence, capable of understanding and appreciating ordinary dangers, so that the rule as to infants or those who are incompetent to fully understand and appreciate dangers cannot be invoked in his behalf. The plaintiff worked at the machine in the daytime and had for six days previous to his injury; knew the construction of the machine; knew the method of feeding it; knew the danger of pressing his hand down into the bowl until it came in contact with the screw; and knew that by using strips to force down smaller pieces into the bowl he could operate the machine with perfect safety to himself. If a crust formed on the surface of a curd, the plaintiff could not have been ignorant of the danger of using his hands to press it down, and as such danger was perfectly open and obvious it was not the duty of the defendant to warn or instruct him that doing such a thing was dangerous. There cannot be any question that the

danger arising from his using his hands instead of the strips of curd to press down the contents of the bowl was patent and obvious. By entering upon and continuing in the employment, plaintiff assumed the apparent, open and obvious risks, and no negligence can be charged the master for failure to warn or instruct the servant against them; and we are of the opinion that the evidence, with all proper inferences to be drawn therefrom, did not tend to prove the negligence charged in the declaration, and there was no error in excluding it and directing a verdict for the defendant. The judgment is affirmed.

*Affirmed.*