George Weber, Administrator, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

1. PEREMPTORY INSTRUCTION—*when should be given.* Where there is no evidence tending to prove the plaintiff's cause of action as alleged in his declaration, a peremptory instruction should be given for the defendant.

2. MASTER AND SERVANT—*what does not prevent operation of doctrine of assumed risk.* Knowing and apprehending the danger to which he is exposed quite as well as his foreman, a servant in obeying an order of such foreman is not relieved of the risk or the necessity of caring for himself.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Effingham county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

R. C. HARRAH, for plaintiff in error; S. F. GILMORE and W. B. WRIGHT, of counsel.

J. G. DRENNAN, for defendant in error; J. M. DICKINSON, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by plaintiff in

error in the Circuit Court of Effingham county, to re-
cover damages for the death of George D. Weber,
struck and killed by an Illinois Central Railroad
Company train near LaClede, Fayette county, April
6, 1907. The declaration is in two counts, in which it
is alleged that George D. Weber, plaintiff's intestate,
was employed by defendant as a section hand; that de-
fendant had in its employ a foreman of switch repairs
and cross-over tracks with authority to select from
the section men laborers to assist him; that he had
full power and control of the men selected; that on the
6th day of April, 1907, he selected the decedent to
assist him in repair work; that on said day while de-
cedent and the foreman were engaged at LaClede in
putting in guard-rail fillers, between eight and nine
o'clock A. M., a fast freight train passed south with
signal that another train was following; that immedi-
ately after the passage of the said freight train the
said foreman commanded the deceased to assist him to
place the track drill between the rails of the west or
south-bound track and fasten the same to the west rail
thereof for the purpose of drilling holes in the guard
rails there placed; that the rules of the defendant
then required that such work should not be attempted
until warning signals of obstructions had been put
out; that other rules of the company required that
trains running in the same direction must be kept ten
minutes apart; that the foreman negligently failed to
put out signals; that the defendant negligently suf-
fered one train to follow another within ten minutes;
that deceased attempting to remove the drill from the
track was in peril from an approaching train, and
that the foreman negligently failed to give warning
and failed to signal the approaching train in time to
prevent injury. It appears from the undisputed facts
that deceased had been in the employ of the defendant
as a fence man, and was, at the time of the accident
under the direction of the road supervisor, engaged
in switch repairing assisted by deceased, who like-

wise was under the direction of the road supervisor; that the work was such as may be done by two section men in the absence of a boss or foreman; that shortly before the morning of April 6th, Demondrum was directed by the road supervisor to work at LaClede in putting in guard-rail fillers and the section boss was directed to designate a man to work with Demondrum. On the morning in question while the two men were engaged with the usual appliances for such work, including a boring drill, and while they were adjusting the said drill to bore a hole in the rail, a south-bound train was seen approaching and the men stepped from the track to let it pass. The train bore a signal that another train was following. The track was straight; the day was clear and a train coming from the north was in plain view for a distance of about three miles. After the first train passed the men renewed their preparations for work. As the second train approached both men again left the track and took position between the north-bound and south-bound tracks, a place of safety. As the train approached near where the men were standing, the deceased moved toward or upon the track, was struck by the pilot of the engine, and killed. It is the plaintiff's contention that, after the first train passed and before the other arrived, the track drill was placed in position and that they began the work of boring the hole in the rail; that seeing the approaching train they again stepped to one side leaving the drill in position, but that when the train was within about 350 feet of them, and going at the rate of forty miles an hour, Demondrum ordered Weber to go upon the track, release the drill from its fastening and remove it, and that in attempting to obey this order he was struck by the engine. The defendant contends that between the passage of the two trains the track drill was never placed upon the track and that Weber was not killed in attempting to remove the drill. The case was tried by a jury, and at the close of all the evidence the court instructed the jury to find the de-

fendant not guilty. A motion for new trial was denied, judgment entered on the verdict, and by writ of error the record is brought to this court for review. Exceptions were saved and error duly assigned, upon which may be considered the complaint made of the trial court's rulings in the admission of evidence and in taking the case from the jury.

The inquiry here to be considered is fully and accurately defined and limited in the case of Libby, McNeill and Libby v. Cook, 222 Ill. 206, cited in plaintiff in error's reply brief. The court says: "If there is no evidence, or but a scintilla tending to prove the material averments, the jury should be directed to return a verdict for the defendant. If, however, there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that all the material averments of the declaration have been proven, then the cause should be submitted to the jury * * * even though it may be that a verdict for the plaintiff, if returned, would have to be set aside on motion for new trial because against a manifest preponderance of all the evidence. In passing upon a motion for a peremptory instruction, the question of the preponderance of the evidence does not arise at all. Evidence fairly tending to prove the cause of action set out in the declaration may be the testimony of one witness only, and he may be directly contradicted by twenty witnesses of equal or greater credibility; still the motion must be denied, and if a verdict for the plaintiff follows, the question whether it is manifestly against the weight of the evidence is for the trial court upon a motion for a new trial. * * * If the court is of the opinion that in case a verdict is returned for the plaintiff, it must be set aside for want of any evidence in the record to sustain it, a verdict should be directed. If the court is of the opinion that there is evidence in the record, which, standing alone, is sufficient to sustain such verdict, but that such verdict, if returned, must be set aside because against the manifest

weight of all the evidence, then the motion should be denied. To hold otherwise is to deny to plaintiff the right to trial by jury." Keeping within the doctrine and principles here announced by the Supreme Court and giving full and fair consideration, not only to the evidence which was admitted in the trial of this case, but to all the evidence offered and excluded by rulings of the court, we are of opinion that there was not evidence tending to prove the cause of action alleged. We do not discuss the evidence supposed to have bearing upon the question, whether or not Demondrum was a foreman or boss over the deceased at the time of the accident for, though that be conceded in argument, there yet remains two material affirmative allegations, in proof of which there is no evidence whatever in the record. There is no evidence tending to prove that the deceased was ordered to go upon the track in front of the moving train. The gestures or "pointing" by Demondrum, of which the witness Mrs. Taylor testifies, is without significance amounting to proof that an order was given or that decedent was acting in obedience thereof. The gestures described by the witness might just as reasonably be interpreted as a warning to the deceased not to go upon the track as that they indicated that he should go there. This testimony standing alone, or when considered in the light of other undisputed facts, does not even tend to prove that an order was given, or if given, what it was. Another material allegation is that the deceased was in the exercise of due care for his own safety before and at the time of the accident. This required affirmative proof whether he was acting under the orders of a foreman or not, and from the undisputed facts, appearing of record, we are of opinion that all reasonable minds will agree that his own negligence was a contributing cause of his death. The oncoming train was in plain view, running at a high rate of speed, seen by the deceased, an experienced railroad man, familiar with the danger attending any attempt

to go upon or across the track, and, whether by direction of a foreman or voluntarily, it cannot be said that he was in the exercise of due care for his own safety to thus expose himself. There is no circumstance or fact shown by the evidence which in reason tends to explain or justify what so clearly appears to have been an act of reckless negligence on the part of the deceased. Knowing and apprehending the danger to which he was exposed quite as well as the alleged foreman, it cannot be said that, in obeying an order, he was relieved of the risk or the necessity of caring for himself. Such is not the law applicable under the facts as here disclosed, and so we must hold. In this condition of the record the court was justified in directing the jury to find for the defendant. As we have indicated a different ruling by the court in the admission of evidence would not have changed the result, and it will therefore be unnecessary and will profit nothing to discuss other errors argued by counsel. The judgment of the court will be affirmed.

*Affirmed.*