## Sadie L. Enright, Appellant, v. Charles R. Current, Appellee.

INSTRUCTIONS—*when peremptory should be given.* If there is no evidence, or but a scintilla of evidence tending to prove the material averments of the declaration, the jury should be directed to return a verdict for the defendant. If, however, there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eyes of the law, find that all the material averments of the declaration had been proved, then the case should be submitted to the jury.

Trespass on the case. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

JONES & BOOKWALTER and T. B. COSGROVE, for appellant; NELLIE B. KESSLER, of counsel.

J. B. MANN and F. L. DRAPER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant brought suit in the Circuit Court of Vermilion county against appellee for alleged malicious prosecution. Upon the conclusion of the evidence offered by appellant, on motion of appellee, the court directed a verdict in favor of appellee, upon which judgment was thereafter rendered. Appellant prosecuted this appeal.

It appears from the evidence that appellee was the owner of the furniture, fixtures, good will and lease of a hotel property in Danville, Illinois, and wishing to sell, advertised the same in a Chicago newspaper; that appellant, having seen the advertisement, entered into negotiations with appellee which resulted in her buying on December 21, 1907, a one-half interest in such property, exclusive of the dining room which was run separately by one Delia Gahan; that said appellee retained the ownership and control of the other half interest in said property and undertook to and did run the business jointly thereafter with one Vichborn, who acted for appellant in the conducting of the hotel business; that on the seventeenth of February, 1908, appellant, through Vichborn, purchased the other half interest in said property and business and that said Delia Gahan continued to manage the dining room separately as she had done before. It further appeared that after the sale by Current of his entire interest in the property and in March, 1908, said Delia Gahan, while appellant and Vichborn were in control of the said business, caused said appellant and her manager, Vichborn, to be arrested on the charge of living in an open state of adultery; that a preliminary hearing was had before a justice of the peace upon such charge, which resulted in the discharge of the accused parties.

Thereupon appellant brought suit against Current for malicious prosecution upon the trial of which the court directed a verdict in favor of Current as hereinbefore stated.

The question to be determined is whether or not the evidence with all its reasonable inferences and intendments showed or fairly tended to show that appellee was guilty of the charge of malicious prosecution brought by Gahan against appellant. Woodman v. Ill. Trust and Savings Bank, 211 Ill. 578.

The only matters given in evidence by appellant or offered by her in evidence which, it is claimed, tended to connect Current with the prosecution commenced by Gahan are the following: Appellant proved that about April 1, 1908, appellee said to one Hayden that the hotel had a bad reputation on account of the people that were there and that he tried to get them out through Miss Gahan but that she had failed, and appellant offered to prove that about the time Current first advertised the property for sale in the Chicago papers and about ten days before the sale to appellant he said to one Doney that he wanted a partner and that what he wanted of a partner was to "skin" him. While the above may have amounted to a scintilla of evidence to go to the jury on which to base a verdict, it cannot be said to amount to any more than a scintilla.

The rule upon this subject is stated in Libby, etc., v. Cook, 222 Ill. 206, in the following words: "If there is no evidence, or but a scintilla of evidence tending to prove the material averments of the declaration, the jury should be directed to return a verdict for defendant. If, however, there is, in the record, any evidence from which, if it stood alone, the jury could without acting unreasonably in the eyes of the law find that all the material averments of the declaration had been proved then the case should be submitted to the jury."

We do not see how it can be claimed that the statement made by appellee that he wanted a partner that

he might "skin" him in any way shows or tends to show that Current induced or encouraged Gahan to prosecute appellant for adultery. The most that can be claimed for the wish expressed, viz. to "skin" some prospective partner, is to say that Current was willing to be financially dishonest, not that he proposed to charge some innocent party with the commission of a crime or misdemeanor.

The statement proved to the effect that appellee said to Hayden that the hotel had a bad reputation on account of the people that were there and that he had tried to get them out through Gahan but she had failed, with all the inferences and intendments that can be reasonably drawn therefrom does not support or tend to support the charge that appellee was responsible for or connected with the criminal prosecution set in motion by Gahan.

The judgment is affirmed.

*Affirmed.*