### Robert E. Blair, Appellee, v. Illinois Central Railroad Company, Appellant.

### Gen. No. 5,110.

INSTRUCTION—*when peremptory should not be given.* A peremptory instruction for the defendant in an action on the case for personal injuries should not be given where the evidence introduced on behalf of the plaintiff when taken to be true, together with all legitimate inferences which may be drawn therefrom in favor of the plaintiff, tends to support the cause of action set out in the declaration.

Action in case for personal injuries. Appeal from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 10, 1909.

W. R. HUNTER, for appellant; JOHN G. DRENNAN, of counsel.

PEASE, SMIETANKA & POLKEY and JOHNSON & MOLTHROP, for appellee; WARREN PEASE and CHARLES P. MOLTHROP, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

Robert E. Baird, the appellee herein, was a switchman in the employ of the Illinois Central Railroad Company at Kankakee. He was about twenty-three years of age and had formerly been employed by appellant as a freight brakeman, but about one week before the accident here complained of he had been taken from the road and sent to the yards at Kankakee to work with a switching crew and with switch engine No. 109. On the 7th day of October, 1906, at about two o'clock in the afternoon, the switching crew of which Blair was a member was proceeding north on one of the switch tracks in the yard at Kankakee, the engine pushing one car ahead of it. It was the intention of those in charge of the work to make what is known as a "flying switch", and therefore Blair was stationed on the foot board of the engine, next to the car which was being pushed, for the purpose of uncoupling this car at the proper time while the engine was in motion. The engine was going about five or six miles per hour, and in passing over a switch connecting this track with what is known as the "lead" track, became derailed, and Blair's toes and a portion of his foot were so crushed between the foot-board and the rail that amputation of the entire foot became necessary. Appellee brought this suit to recover damages for the injuries sustained by him. His declaration contained three counts, of which the first was dismissed on his motion, and later leave was given to file an additional count. The second count alleged that while appellee was employed by appellant as a switchman, appellant negligently supplied an engine upon which the brake shoes had become so worn and thin that they were liable to break when in use, as defendant knew; that appellee in the exercise of due care, and in the performance of his duty, was standing on the footboard of said engine, when one of said brake shoes became broken and fell on the track and de-

railed the engine and injured the appellee. The third count alleged that the switch engine provided by appellant was so worn out, broken and defective, that certain parts thereof were liable to break and become loose and derail the engine, and that a certain portion of said engine did so become loose and fall while the engine was in motion and derailed the engine and injured the plaintiff, while he was in the exercise of due care. The additional count alleged that the rails of the track over which appellee was obliged to travel on said engine while in the performance of his duty were so improperly placed and so insecurely fastened that they became shifted and spread and that the feet of appellee were thereby caught between a portion of the engine and the track and thereby injured, while appellee was in the exercise of due care. A plea of the general issue was filed to the original declaration, and was ordered to stand to the additional count. Upon a jury trial, a verdict was returned in favor of appellee for $5,000. A new trial was granted, and upon a second trial appellee again had a verdict for $5,000. A motion for a new trial was overruled and judgment was entered on the second verdict, from which defendant below prosecutes this appeal.

The principal errors assigned by appellant are based upon the refusal of the trial court to give a peremptory instruction for the defendant at the close of plaintiff's proofs and again at the close of all the evidence, and also upon the refusal of certain other instructions offered by the defendant. A peremptory instruction for defendant should not be given where the evidence introduced on behalf of the plaintiff, when taken to be true, together with all legitimate inferences which may be drawn therefrom in favor of the plaintiff, tends to support the cause of action set out in the declaration. Libby, McNeil & Libby v. Cook, 222 Ill. 206. It therefore becomes our first duty to consider whether the evidence tends to prove the allegations of the declaration.

Engine No. 109 had three driving wheels on each side of the engine, about the center of the body of the engine. The engine had no other support than the driving wheels, that is, it had no "pony truck". A brake shoe hung in front of each of these driving wheels, and the examination made after the derailment of the engine revealed the fact that on the right side of the engine the brake shoe was broken off from the front driving wheel and that the lower portion of the brake shoe on the center wheel was also missing. These missing portions were afterwards found on the ground under the engine. At the time of the accident the engine was pushing a freight car ahead of it, and the fact that this car did not leave the rails tends to show that the cause of the derailment of the engine intervened after the car had passed the point where the derailment occurred. The front and the main or center driving wheels left the rails, while the rear driving wheel and the wheels of the tender remained on the track. This would seem to show conclusively that the cause of the derailment of the front and main driving wheels was removed from the rail by such derailment itself or else was so blocked by those wheels as to be incapable of interfering with the rear driver and the tender wheels. The evidence shows that one Van Horn, the regular engineer of engine No. 109, on the 23rd day of September, two weeks before this accident, entered an order in the complaint book, kept in the roundhouse at Kankakee for that purpose, for a new right main brake shoe to be put on this engine. He testified that to his knowledge this shoe needed replacing. He continued to run this engine from the 23rd to the 29th of that month, and on the latter date again reported this same brake shoe in the same manner. He ran this engine from thence up to and including the 5th of October, and was unable to testify that the shoe had been replaced during the time he continued to run the engine, nor did any other witness testify that such work had been done. One of the

company's machinists testified that a pencil line which was drawn through the engineer's complaint of September 29th indicated that the work had been done, but no record was kept of the work done, and this machinist could not say positively that it had been done. Another of the machinists testified that the night before the accident he found the shoe about half worn, and it does not seem possible that the shoe could have become so worn if it had been renewed on the 29th of September, not much more than one week before appellee was injured. Another machinist testified very particularly to various repairs which he made to this engine on the night of September 29th. He made an entry on the machinist's book of each of these repairs but among those items he could not find one pertaining to the replacing of such a brake shoe. It seems clear from the evidence that this shoe had not been replaced since the date of the engineer's first complaint regarding it. In view of this condition of the proofs and the further testimony by one of appellant's witnesses that a broken brake shoe might cause the derailment of an engine, it seems clear to us that the evidence did tend to prove the allegations of the declaration and should have been submitted to the jury, and that the trial judge did not error in overruling appellant's motions for a peremptory instruction.

Appellant complains of the refusal of the trial judge to give to the jury the following instruction:

"If you believe from the evidence that the defendant, prior to and up to the time of the accident, had in its employ experienced and competent machinists in its round house for the purpose of inspecting and repairing its locomotives, and that said machinists or either of them inspected the brake shoes of engine No. 109 on the 6th day of October, 1906, and determined from such an inspection in their or his judgment that said brake shoes were in good serviceable condition for use on said engine, then under the law the defendant would not be liable, even though you may believe from

the evidence that the condition of the brake shoe caused the derailment.''

This instruction was properly refused for the reason that it would take away from the jury the question of negligence on the part of the defendant. Even if appellant did keep in its employ experienced and competent machinists for the purpose of inspecting and repairing locomotives, and even if they inspected the brake shoes of this engine on the night before the accident and determined from such an inspection that said brake shoes were in a good and serviceable condition, that would not necessarily relieve the appellant from liability, for these machinists might have overlooked some defect, through carelessness or negligence. The negligence of these machinists, if they were negligent in inspecting and repairing would be the negligence of the appellant. If the appellant had not used ordinary care to furnish the appellee with reasonably safe appliance and the appellee was injured because of such negligence, the fact that its machinists were competent and experienced would not relieve appellant from liability. The jury were properly instructed on this point in other instructions given, and we find no error in the refusal of the instruction quoted above.

The judgment is therefore affirmed.

*Affirmed.*