## Felix Hon, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 16,896.

STREET RAILROADS—*when proper to direct a verdict.* In a personal injury action, where plaintiff was struck by defendant's street car while crossing eighty or ninety feet from the cross walk, there being no evidence that defendant's servants saw or in the exercise of reasonable care should have seen plaintiff in time to stop, and no evidence as to the speed of the car or what was being done except that the gong was not ringing, it is not error to direct a verdict of not guilty.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed January 27, 1913.

PEASE, SMIETANKA & POLKEY, for plaintiff in error.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the plaintiff in error, was on a car of the Chicago Railways Company that had come east on Lake street, Chicago, to State street, where it turned south to go one block to Randolph street, where it would again turn and go west. Another car ahead of it stopping before turning west on Randolph street, caused the car in question to stop so that the rear end thereof was about one hundred feet north of Randolph street. On State street, between Lake and Randolph streets, were two other street car tracks. One track, next east of the said track, was a Chicago Railways Company track for north-bound cars making the turn from Randolph street. East of the said north-bound track was a third track on which the Chicago City Railway Company, the de-

fendant, here the defendant in error, ran south-bound cars. These tracks were about four and a half feet apart.

The plaintiff wished to go to the Illinois Central station at the east end of Randolph street, and not knowing the way there, the street car conductor indicated to him the direction to go, and the plaintiff got off the rear end of the car when it stopped as above described. The counsel for the plaintiff states in his brief what then took place, as follows:

"When plaintiff stepped off the rear platform of the car he started around the end of the car. Plaintiff had never been down town but three times before, although he had lived in South Chicago ten years. On these occasions he was always accompanied by his wife. He could not read or write and was wholly unfamiliar with the situation and the movements of the cars. The conductor, when he observed plaintiff going around the rear of the car, spoke to him, telling him to go the other way, but plaintiff evidently did not understand him. As plaintiff stepped around the end of the car from which he had gotten off, a car of the Chicago Railways Company was coming north on the middle track and was almost upon him. The conductor saw it about the same time that plaintiff did and yelled to him to look out. Plaintiff made a jump in the direction in which he was going; in order to get out of the way of that car and jumped into the space between the middle track and the east track. A car of the Chicago City Railway Company was coming south on the east track and was not far away and plaintiff was thereupon confronted with the danger of being caught between these cars and crushed. He could not then go back, for the car on the middle track had blocked his retreat. He therefore jumped straight ahead, striving to escape, but the Chicago City Railway Company's car caught him just as he was on the east rail and almost in a place of safety. He was caught by the east side of the fender of the car, was thrown down and his left ankle was broken. Defendant's motorman had rung no gong prior to

that time and plaintiff had not seen the car, for when he went around the rear end of the car which he left, he looked towards the southeast and as soon as he observed the Chicago Railways car, which was close upon him, his attention, of course, was attracted to that car and to getting out of the way of it.''

The court instructed the jury at the close of the plaintiff's case to find the defendant not guilty, and the jury so finding, judgment was entered on the verdict.

It is here urged that the questions of the parties' negligence were questions of fact that should have been submitted to the jury. Whether the plaintiff was guilty of contributory negligence is unnecessary to consider, for we think that there is no evidence in this record tending to prove negligence on the part of the defendant. The plaintiff suddenly came upon the track in front of the defendant's car, some eighty or ninety feet north of the cross-walk over State street. There is no evidence that the defendant's servants saw, or in the exercise of reasonable care should have seen, the plaintiff in time to have thereafter, in the exercise of reasonable care, stopped said car before striking plaintiff. There is no evidence of the speed of the car, or what the defendant's servants operating the said car were doing or not doing, except that the gong was not ringing. We are of the opinion that all the evidence, with all the inferences fairly deducible therefrom, do not prove any negligence on the part of the defendant, and the trial court properly instructed the jury to find for the defendant. Libby, McNeill & Libby v. Cook, 222 Ill. 206.

The judgment is affirmed.

*Affirmed.*