DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1921 AND 1922

---

## Chicago & Alton Railroad Company, Plaintiff in Error, v. William C. Bates et al., Executors, Defendants in Error.

1. CARRIERS—*right to recover from passenger paying less than lawful fare.* Where the fare paid by an interstate passenger is less than the carrier was lawfully permitted to charge, because less than the tariff schedule filed with the Interstate Commerce Commission, the carrier is entitled to recover the difference from the passenger.

2. TRIAL—*when direction of verdict is improper.* When there is evidence fairly tending to establish plaintiff's case it is a usurpation of the province of the jury for the court to peremptorily direct a verdict, although there also is evidence strongly tending to show the contrary.

Error to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed October 25, 1921.

COVEY & WOODS, for plaintiff in error; SILAS H. STRAWN, of counsel.

HAROLD F. TRAPP and MILLER & MILLER, for defendants in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Erastus W. Bates, now deceased, on July 1, 1915, purchased of the agent of the Chicago and Alton Railroad Company three full fare tickets and one-half fare ticket for passenger transportation from Lincoln, Illinois, to Los Angeles, California, via Chicago, Illinois, St. Paul, Minnesota, Portland, Oregon and San Francisco, California; and from New York City to Lincoln, Illinois, via Springfield, Massachusetts, Newport, Vermont, Montreal, Canada, Windsor, Ontario and Chicago. He paid $88.25 for each full fare ticket and $44.13 for the half fare ticket, or a total of $308.88. Plaintiff in error claims that the regular fare for the full fare tickets at the time they were purchased according to the rates filed by plaintiff in error with the United States Commerce Commission was $114.05 and that for the half fare ticket the regular rate as so filed was $57.03, making a total correct amount for the three full fare tickets and the one-half fare ticket of $399.18, or $90.30 more than was actually paid therefor. At the same time he purchased the tickets he also purchased transportation for his party by boat from Los Angeles to New York City. This suit is brought to recover of the estate of Erastus W. Bates, deceased, that amount. The issues were tried by a jury. At the conclusion of all the evidence a motion made by plaintiff in error to instruct the jury to find the issues for the plaintiff and to assess its damages at $90.30 was denied by the court; and a motion by defendants in error to instruct the jury to find the issues for the defendants was allowed by the court, the instruction was given and a verdict was returned by the jury accordingly, on which verdict judgment was later entered in bar of plaintiff's action and for costs against it. The record in that proceeding is now presented to this court by writ of error for review.

It is provided by the statutes of the United States that:

"No carrier, unless otherwise provided by this act, shall engage or participate in the transportation of passengers or property, as defined in this Act, unless the rates, fares, and charges upon which the same are transported by said carrier have been filed and published in accordance with the provisions of this Act; nor shall any carrier charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property, or for any service in connection therewith, between the points named in such tariffs than the rates, fares, and charges which are specified in the tariff filed and in effect at the time." Barnes Federal Code, sec. 7890.

The Supreme Court of the United States in *Louisville & N. R. Co. v. Maxwell,* 237 U. S. 94, says:

"Under the Interstate Commerce Act the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they, as well as the carrier, must abide by it, until it is found by the Commission to be unreasonable. Ignorance or misquotation of the rates is not an excuse for paying or charging either more or less than the rate filed.

"Nor shall any carrier charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property or for any service in connection therewith between the points named in such tariffs, than the rates, fares and charges which are specified in the tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares and charges so specified, nor extend to any shipper or person any privilege or facilities in the transportation of passengers or property, except such as are specified in such tariffs."

It is apparent from even a superficial examination of the evidence in this record that the proof strongly tends to show that plaintiff in error, prior to the time

the tickets in question were sold, had filed with the
Interstate Commerce Commission of the United States
a tariff schedule in which the tariff for tickets like
those in question was fixed; that the tickets were sold
on July 1, 1915, and had a 90-day limit; that they
were issued as proportional excursion tickets under
Transcontinental Joint Tariff No. 2, then on file with
the Interstate Commerce Commission; that the fare
on a full ticket in question when properly computed
amounted to $114.05, or $342.15, for the three full fare
tickets and $57.03 for the half fare ticket, a total of
$399.18; that Bates paid therefor $308.88 or $90.30
less than the company had any lawful right to sell
the same for and that plaintiff in error was entitled
to recover a judgment for that amount.

The trial court evidently took the same view of the
evidence of plaintiff in error, for when it rested its
case a motion by defendants to instruct the jury to
find the issues for the defendants was refused, and
it was only after the defendants had introduced their
evidence that the peremptory instruction to find the
issues for the defendants was given. The giving of
that instruction was clearly error. When there is evi-
dence fairly tending to establish the plaintiff's case,
no matter if there is also evidence strongly tending
to show the contrary, it is an usurpation of the prov-
ince of the jury whose right it is to weigh the evi-
dence and judge of the credibility of the witnesses for
a court to peremptorily direct a verdict. *Libby, Mc-
Neill & Libby v. Cook*, 222 Ill. 206.

The judgment of the circuit court is reversed and
the cause is remanded for another trial.

*Reversed and remanded.*