## Gregory T. Van Meter, Administrator of the Estate of Ralph A. Weber, Deceased, Appellee, v. Chicago Railways Company et al., Appellants.

## Gen. No. 30,494.

1. APPEAL AND ERROR—*consideration of evidence for purpose of determining whether verdict should have been directed for defendant on ground of contributory negligence.* For the purpose of determining whether a verdict should have been directed for defendant in an action of negligence, upon the ground that the plaintiff was chargeable with contributory negligence as a matter of law, the reviewing court must avoid weighing conflicting evidence and must consider all evidence in the light most favorable to plaintiff.

2. STREET RAILWAYS—*failure to look before crossing street close ahead of approaching car is contributory negligence as matter of law.* Where the evidence in an action for death resulting from being struck by a street car shows that if decedent had looked before attempting to cross the street ahead of the approaching car, he must necessarily have seen that the car was close at hand, and the evidence fails to show any circumstances tending to excuse a failure to look or which may be held reasonably to have given rise to a necessity to cross without looking, then if decedent did in fact cross without looking he must be held to have been guilty of contributory negligence as a matter of law.

3. STREET RAILWAYS—*sufficiency of evidence to show contributory negligence as matter of law of pedestrian attempting to cross street ahead of cars approaching from opposite directions.* Evidence in an action for death resulting from injuries sustained when decedent was struck by a street car held to show that he was guilty of contributory negligence as a matter of law in attempting to cross the street ahead of two street cars approaching from opposite directions, where he knew or should have known that one of them was less than 15 feet distant when he stepped upon its track, and that it was not intending to stop.

Appeal by defendants from the Superior Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed with finding of facts. Opinion filed May 5, 1926.

BUSBY, WEBER, MILLER & DONOVAN, for appellants; JOHN R. GUILLIAMS, FRANK L. KRIETE AND CHARLES L. MAHONY, of counsel.

IRWIN R. HAZEN and LEROY V. PENWELL, for appellee; ANDREW J. O'DONNELL, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff administrator brought this action under the Injuries Act [Cahill's St. ch. 70] to recover for pecuniary loss sustained by the next of kin of Ralph A. Weber, deceased, by reason of his death, which resulted from injuries sustained when he was struck by a street car operated by the defendants. The issues were submitted to a jury and found for the plaintiff, the jury fixing the damages at the sum of $5,000. Judgment having been entered in favor of the plaintiff for that amount, the defendants have perfected this appeal.

The injuries which caused the death of Weber were received by him when he was struck by a street car, on Harrison Street, in the city of Chicago, just east of the east crosswalk of Washtenaw Avenue, the latter being a north and south street without street car tracks, and Harrison Street being an east and west street containing a double track street car line, operated by the defendants. The accident happened about four o'clock in the afternoon on March 7, 1923.

The evidence shows that Weber approached Harrison Street from the south. He was apparently running along the sidewalk on the east side of Washtenaw Avenue, intending to take a westbound Harrison Street car at the northeast corner of the intersection. Witnesses testifying in behalf of the plaintiff stated that as he reached Harrison Street, he stood a moment at the south curb and looked in both directions and then proceeded across Harrison Street in a slightly

northeasterly direction, and a little east of the cross-walk, going either at a quick walk or trot. Two street cars were approaching, one from the east, which he was apparently intending to take, and the other from the west. The only other vehicle about was a taxicab which had passed on to the east and was approximately a block away at the time the deceased reached the corner. When the deceased, in passing over Harrison Street, stepped onto the eastbound street car track, the car which was approaching on that track, going east, was at most not over 15 feet away and the westbound car was also very close. The plaintiff was struck by the eastbound car at a point about half way between the center of that car and the north side of it. This had the effect of knocking him to the street in a northeasterly direction and in front of the approaching westbound car, and when the latter car was brought to a stop, the deceased was found lying between the rails of the westbound car track and under the front platform of the westbound car. That car was backed up a few feet, so as to make it possible to get Weber out, and he was removed to a hospital where he died on the following day, from the injuries he had received.

The defendants make several contentions in support of their appeal, but in the view we take of the case, it will be necessary to consider only one of them, for after a careful consideration of the evidence and the arguments advanced by the respective parties, we have come to the conclusion that the deceased was guilty of contributory negligence as a matter of law, and that being the case, the trial court erred in denying the motions, submitted by the defendants at the close of the plaintiff's case and at the close of all the evidence, asking that a peremptory instruction be given the jury directing them to find the issues in favor of the defendants on that ground. In considering this question we are, of course, obliged to avoid weighing con-

flicting evidence, and must only consider those facts and circumstances in evidence, most favorable to the plaintiff. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206. When such facts and circumstances are considered, it is our opinion that all reasonable minds should agree that the deceased was guilty of contributory negligence.

At the time the deceased paused on the curb on the southeast corner of the intersection, he must have seen the eastbound car approaching, if he glanced to the west. If he did not look to the west, he must nevertheless be charged with such knowledge as would have come to him if he had looked. Some witnesses (testifying for plaintiff) testified that he looked both ways, and some that he looked only to the east. No witness testified that he looked to the west after leaving the curb. At the time he stepped upon the eastbound car track, no witness in the case placed the eastbound car farther away from him than 15 feet, and at that time no witness in the case placed the car that was approaching from the east farther than 20 feet from the corner. According to all the testimony in the case there was nothing to obstruct the view of the eastbound car at any time between the time the deceased approached the intersection and the time he was struck. No circumstance appears in any of the evidence which, in our opinion, may reasonably be considered as in any way excusing the failure of the deceased to look to the west, if in fact he did not look in that direction and see the approaching eastbound car. All witnesses agree that the eastbound car did not stop at the west side of the intersection, and no witness placed the car west of the west curb of Washtenaw Avenue at the time the deceased paused at the curb line. As to all these matters, as counsel for the defendants point out, there is no conflict in the testimony.

It is true that failure to look before crossing a street car track is not always negligence *per se,* but it is likewise true that the circumstances may be such as to make such failure negligence *per se.* In our opinion, where the evidence shows that if one did look before crossing a street car track he must necessarily have seen a car approaching close at hand, and where the evidence fails to show any circumstances tending to excuse a failure to look or which may be held reasonably to have given rise to a necessity to cross the track without looking, then one who does cross without looking must be held guilty of contributory negligence as a matter of law. In the case at bar the deceased was an adult. He had been married a number of years and had two children; he was a machinist and had apparently lived in the city of Chicago a considerable time and had daily occasion to be on the streets. The evidence shows that the street was not in a slippery condition. There is nothing whatever in the evidence tending to show that anything happened to indicate that the eastbound car was going to stop at Washtenaw Avenue, but it is clear that it was apparent at all times that it was not going to stop. Much of the evidence tends to show that as the deceased stepped on the eastbound car track, the car which was approaching from that direction was within arm's length of him, but, taking the testimony most favorable to him, it was not over 15 feet away, and, according to all the testimony, a car was approaching from the other direction, on the other track, at almost as short a distance. Where an adult person, under those conditions, with nothing to interfere with his view of both cars, or to distract his attention, nevertheless, deliberately steps in front of one of them, walking toward the pocket which is certain to be formed when they meet, he must be held to be guilty of contributory negligence, as a matter of law. There is some difference in the testimony as to the speed of the eastbound car. Some evi-

dence is to the effect that it was going 15 or 20 miles an hour and ran nearly 100 feet after striking the deceased before coming to a stop. Other evidence is to the effect that it was going 8 to 10 miles an hour and stopped in about 50 feet. Presumably, the evidence most favorable to the plaintiff, is that which was to the effect that the car was going 8 or 10 miles an hour. That, in our opinion, does not change the situation so far as the question of contributory negligence *per se* is concerned.

If the conduct of the deceased, as disclosed by the evidence most favorable to him, in this record, should be held not to amount to negligence *per se,* we are of the opinion that it would be difficult to imagine a case which would warrant such a holding. In our opinion the case at bar is clearly distinguishable from the case of *Northern Trust Co. v. Chicago Rys. Co.,* 232 Ill. App. 246 (reversed in 318 Ill. 402, on ground not involved here). In that case the person injured crossed the street car track on the near side of the street where the approaching car might have stopped. The accident happened after dark and the headlight on the car was not burning. In the case at bar the accident happened in broad daylight and the deceased crossed the street a few feet beyond the crosswalk on the far side of the intersection. There is some discussion in the briefs about the failure of the motorman, on the eastbound car, to sound his gong, and the testimony as to whether he did so sound his gong is conflicting, but in our opinion that element does not affect the decision of this case. On the plaintiff's own theory of the case, the deceased looked toward the westbound car before leaving the curb. The testimony of the plaintiff's witnesses was to that effect. Of course, if he did so look, the only object in the sounding of the gong was accomplished, because the deceased must be held to have seen what was there to be seen, namely, the approaching car, giving no indication of being about to stop, accord-

ing to the testimony of all the witnesses in the case, and already having passed beyond the west side of the intersection.

For the foregoing reasons, we are of the opinion that the trial court erred in denying the motion of the defendants for a peremptory instruction, and, therefore, the judgment appealed from is reversed with a finding of facts.

*Judgment reversed with a finding of facts.*

TAYLOR and O'CONNOR, JJ., concur.

Finding of facts: We find as a fact that the deceased, Ralph A. Weber, was guilty of contributory negligence as a matter of law.