Laverne Lepey, Appellant, v. Chicago Railway Company et al., Trading as Chicago Surface Lines, Appellees.

Gen. No. 43,957.

Opinion filed February 3, 1947.    Released for publication February 17, 1947.

O'CONNELL & O'CONNELL, of Chicago, for appellant; PATRICK T. HARRINGTON, of Chicago, of counsel.

WILLIAM S. ALLEN, JOSEPH P. BRODIE and ARTHUR J. DONOVAN, all of Chicago, for appellees; WILLIAM J. FLAHERTY, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the Chicago Railway Company, and others, doing business as Chicago

Surface Lines, to recover damages for personal injuries claimed to have been sustained by her on account of the negligence of defendants, as a result of which the automobile in which she was riding and a street car collided. At the close of plaintiff's case there was a directed verdict for defendants. Plaintiff appeals.

The record discloses that about 2 or 3 o'clock in the morning of January 4, 1942, plaintiff was riding north in Western avenue in an automobile driven by her husband in the northbound street car track when it struck a "bump" and swerved to the left into the southbound street car track. The southbound street car was about 200 feet away but plaintiff's husband could not start the automobile and get it out of the way of the oncoming street car. In 6 or 7 seconds the street car struck the automobile, plaintiff's husband was killed and she was severely injured.

Counsel for plaintiff contend that there was sufficient evidence to go to the jury as to whether plaintiff was in the exercise of due care and caution for her own safety, and numerous authorities are cited on this point. We think there was evidence tending to show that plaintiff was in the exercise of due care and if this were the only question involved the court should not have directed a verdict. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. There is little argument that the defendants or their employees in charge of the street car in question were guilty of any negligence.

■ Plaintiff testified in substance that: "There was no light on that object; [the street car]; nor was any bell rung or gong sounded before the collision. . . . There was a crash; it was a great big noise;" that the collision occurred about 6 or 7 seconds after she saw the big object and the next thing she remembered, she was in the hospital. In these circumstances it is obvious there was no need to ring a bell or sound a gong, or that there was no light on the big object—

any or all of these, in view of all the evidence, would have been of no avail to prevent the collision. It is clear that she could not recover unless defendants were negligent and we think there is no such evidence. The street was icy at the time and the evidence shows for that reason plaintiff's husband was driving in the northbound street car track. As stated, the automobile struck a "bump" in the street and swerved in front of the approaching car. We think there is no evidence that defendants were guilty of any negligence and therefore the court properly directed a verdict. It was a most unfortunate "accident" in the pure sense of that term, for which neither was at fault.

■ Upon a careful consideration of all the evidence we are clearly of opinion that in no view of the evidence could reasonable conclusions be drawn that the street car company or any of its employees were guilty of any negligence. In these circumstances there was nothing for the jury to decide.

The judgment of the Superior court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER and FEINBERG, JJ., concur.